# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT

OF THE

## STATE OF WISCONSIN.

---

## DEAN and others vs. PYNCHEON.

1. MECHANIC'S LIEN.—Under the act of 1839, in relation to mechanic's lien, a remedy was provided entirely distinct from and in addition to the common law right of action, and the lien when perfected was in the nature of a mortgage, and the same right of redemption existed after a sale, and if the owner of the building was not the owner of the land, still the lien bound any interest he had in it.

2. SAME.—The act of 1842 secures the debt on the building and provides for a remedy by common law action, with certain specific rights in favor of the mechanic, and proceedings to enforce the lien are mainly dependant upon general principles applicable to common law actions.

3. SAME—JUDGMENT.—The creditor has his election to proceed to enforce his lien by *scire facias* against the debtor or owner of the building, or by personal action against the debtor and his legal representatives, and in either case there is to be a judgment as in personal actions at common law for the recovery of a debt; but upon a proceeding by *scire facias*, execution can go only against the property bound by the lien, but in the proceeding by personal action the judgment binds also the property of the debtor, as in the case of an ordinary judgment at law; in either case the judgment should be an ordinary judgment, and the law will be so construed as to give it effect for the purposes intended.

4. SAME.—Although the act of 1842 speaks only of the building, yet the lien binds all the debtor's right and interest in and to so much of the ground it stands on, as may be necessary for its ordinary occupation and use. If the owner of the building has no permanent interest in

VOL. III. (Pin.) — 2

the land, the title to the building will pass, and the purchaser may enter and remove it.

5. EXECUTION SALE. — A mere possessory right in and to real estate is the subject of sale as real estate.

6. SAME — EJECTMENT. — Ejectment cannot be maintained upon a sheriff's certificate of sale, but the purchaser may before deed, maintain an action for an injury to the real estate so sold.

7. MECHANIC'S LIEN REDEMPTION. — In case of a sale under an execution on a mechanic's lien under the act of 1842, like redemption is allowed as in other cases of sale of real estate on execution.

(3 Chand., 9.)

ERROR to the Circuit Court for *Dane* County.

This was an action of ejectment brought by the defendant in error against the plaintiffs in error, to recover the possession of certain premises and the buildings erected thereon, consisting of a store and dwelling house.

At the trial, *Pyncheon*, the plaintiff, offered in evidence a record of a judgment in his favor against William W. Stewart, defendant therein in common form ; next, an execution issued upon such judgment, and a sale, by virtue of said judgment and execution, of the store and dwelling house before mentioned ; by which *execution* it appeared that the plaintiff before the entry of his judgment, filed his petition and lien for labor and materials for the buildings before mentioned, situated upon the land upon which they stood at the time of the sheriff's sale; that the property was bid in by the plaintiff, and the sheriff gave to *Pyncheon* a certificate of the purchase and sale, and filed a duplicate in the proper office. The plaintiff then offered in evidence a deed by the sheriff, issued upon the certificate, dated on the 10th day of October, 1849. To the reading of which in evidence, the defendants objected, but it was allowed by the circuit judge to be read in evidence. The plaintiff then offered in evidence a lease from one Wilson to Bell and Stewart, including the premises on which the buildings before mentioned were situated, for the term of five years. It was also proved that Stewart entered upon the premises in pursuance of

the lease aforesaid, and erected the buildings mentioned in the declaration, which at the time of the trial were occupied by the defendants *Seymour* and *Varney*. It was also proved that *E. B.* and *N. W. Dean*, occupied the buildings in question until July, 1846. It was also proved that the defendants, *Deans*, had erected upon the premises a building connected with the one upon which the judgment lien was entered and which for a time was occupied by them. The defendants then applied for a nonsuit, which was denied; they then offered in evidence a deed from W. W. Stewart and wife, to *E. B. Dean*, dated July 12th, 1845, of a part of the premises in question. They also offered in evidence another deed of a part of the premises in question, which was, on the objection of the plaintiff, rejected. The plaintiff then offered in evidence a petition for lien against W. W. Stewart, filed in the late district court for Dane county, in April, 1846, the reading of which was objected to by the counsel of the defendants; but it was admitted in evidence, and the defendant's counsel excepted thereto, on the ground that it would not be rebutting but cumulative testimony. The plaintiff also offered in evidence a *scire facias* issued in favor of the plaintiff against W. W. Stewart, relating to the lien filed by the plaintiff against Stewart, on the rendition of the *lien* judgment in favor of the plaintiff. This evidence was objected to as cumulative, but was admitted by the court. The defendants requested the court, among other things, to charge as matter of law, to wit: that the plaintiff could not recover on his first count, because it shows that the lease of the premises expired before the time of trial; that the sheriff's certificate of sale of the premises did not comply with the statute; that no action to obtain possession could be maintained upon a sheriff's certificate; that the plaintiff, by the sale of the premises, acquired no right to the soil on which the buildings were erected, but to the buildings alone; that while the buildings remained on the lot, the plaintiff had not such possession or right of possession as would enable him to recover in the action.

The court refused to charge as requested, and the defendants excepted.

The jury found in favor of the plaintiff, and that he was entitled *in fee simple* to all the premises described in his declaration.    Before judgment was rendered the counsel for the defendants made and filed a motion to set aside the verdict, upon the ground that it was general, against all the defendants, whereas it appeared that the defendants, *Deans*, at the commencement of the suit occupied no part of the premises to which the plaintiff's lien attached ; that it did not appear in evidence that there was any *joint occupancy* by all the defendants; that the verdict did not specify the duration of the term for which the plaintiff is to hold the premises.    The court denied the motion and judgment was entered for the plaintiff.

*Catlin & Abbott* and *A. L. Collins*, for plaintiffs in error.

1st.  A deed executed subsequently to the time of the commencement of a suit in ejectment is not evidence of title in the plaintiff at the time of the commencement of the suit.   Ter. Stat. of Wis., 250 ; Adams on Eject., 32, note ; 6 Binn., 454 ; H. & Johns., 164 ; 9 Watts, 64.

2. One of several defendants in ejectment not having the relation of tenant to the plaintiff, or those under whom he claims, may show title in himself, or in another, to defeat the action.    16 Johns., 200 ; 1 Marsh, 251 ; Adams on Eject., 32 ; 9 Cow., 86 ; 1 Hill, 138 and 128 ; 12 Wend., 105.

3. If it appears from the declaration that the estate of the plaintiff, or those who claim under him, has expired, before the trial, he cannot have a general verdict against the defendant. Stat. Wis., 223, § 27 ; 18 Johns., 295 ; 8 Yerg., 121 ; 5 Pick., 124 ; 3 Pet., 43 ; 6 Wend., 666 ; 6 Binn., 62.

4. A certificate of sale by a sheriff is not evidence of title in the holder, in ejectment.    2 Caines Rep., 61 ; 20 Johns., 3 ; 8 Dana, 165.

5. Trover will be maintained for the building, but not ejectment.    9 Pick., 297 ; 5 id., 487 ; 1 Hilliard on Real Estate, 5.

6. Where the premises sought to be recovered in ejectment are occupied by several, independent of each other, and a general verdict is given against all, it should be set aside on motion. 21 Wend., 593; 12 id., 170; 5 Johns., 278; 2 id., 438.

*Geo. B. Smith*, and *Botkin & Knapp*, for the defendant in error contended, that the return of the sheriff that he had sold the property and executed to the purchaser a certificate, in accordance with the statute, and the filing of a duplicate thereof in the proper office, gave a good cause of action to recover the possession of the premises. And to this point cited the case of *Burton v. Pond*, 5 Day, 160; Rev. Stat., 234; 2 U. S. Digest, 143, § 600; *Fenwick v. Floyd*, 1 Har. & Gill, 172; 12 Johns., 213; *Den v. Morse*, 7 Halst., 331.

2. That a deed or note in writing signed by the sheriff, descriptive of the property, and stating to whom it was sold and the sum for which sold, would pass the title, and was sufficient to take the case out of the statute of frauds. *Simond v. Catlin*, 2 Caines, 61; 2 Johns., 248; 8 id.; 520; 3 Caines, 189.

3. That in an action of ejectment by the purchaser, against the defendant in the execution, or those claiming under him, the plaintiff need not show any title other, than the judgment, execution, and sheriff's conveyance. *Lessees of Cooper v. Galbraith*, 3 Wash. C. C. R., 546-7; 3 Caines, 188; 10 Johns., 223; 2 Yates, 443; 5 Binn., 270; 4 Johns., 22; 2 Binn., 468; 8 Term, 2; 3 Watts, 223.

HUBBELL, J. The defendant in error brought ejectment in the court below, for certain premises described as the " Arcade Buildings," in the village of Madison. His claim was founded on a sheriff's certificate of sale under a judgment in the late district court for Dane county ; and this judgment grew out of a mechanic's lien for services rendered in the construction of the building. The case involves a discussion of the statute of the late territory, providing for mechanics' liens, and the nature of the judgment rendered thereon and the validity and effect

of a sheriff's sale and certificate of sale under execution upon the judgment.

No decision of the supreme court of the state or territory, has been made upon the points in question; and various opinions have prevailed at the bar. The importance of the subject will excuse an investigation of the general principles upon which the decision in this case is founded. It is admitted that the buildings in question were erected upon leased land, with permission to the tenant to remove them at the end of the term; and that they were built upon blocks not fastened into the soil. And further, that the sheriff advertised and sold the defendant's right and interest in the buildings known as the "Arcade Buildings," and executed to the purchaser a certificate of sale, under his hand and seal, in the ordinary form. Whether the buildings were the subject of sale, as real estate, and whether the certificate of sale passed the title; or whether the right of redemption attached, and a formal deed in pursuance of the general statute relating to sales of real estate, was necessary, after the time of redemption expired, are questions to be considered.

This case arose under the lien law of 1842. It will be necessary, for a proper understanding of the case, to examine the prior law of the territory providing for mechanic's liens — the act of 1839. Both statutes aimed at the same object, but by essentially different means. The first act (Stat. 1839, p. 141), made provisions for securing and enforcing a lien in favor of all persons who should, under contract, furnish labor or materials, in erecting or repairing buildings. It was a remedy entirely distinct from, and additional to, the common law right of action. The act particularly enumerates the parties who may avail themselves of its provisions; prescribes the form and mode of ascertaining the amount of each claim, and directs a summary sale of the building for the payment of the debts, including the land covered by the building. The lien, when perfected, was in the nature of a mortgage, and after sale, the

same right of redemption was given, as in cases of mortgage sales under the statute. If the owner of the building was not the owner of the land, still the lien bound his entire estate and interest in it. This act was specific, certain and intelligible. The act of 1842, which was substituted for it, was more brief, general and indefinite. Like its predecessor, it secured the debt by making a lien upon the building; but it made no mention whatever of the land covered by the building, and provided no mode or form of a sale or conveyance of the property. Both acts contemplated proceedings in court; but proceedings radically different. The first made the "lien," when perfected, a mortgage; the other made it a judgment; the one was a mere statutory remedy, leaving the common law right of action unimpaired; the other adopted the common law action, adding certain specific rights, in favor of the mechanic. Proceedings under the first were exclusively dependent upon the statute and must conform strictly to it; under the last they were mainly dependent upon general principles applicable to common law actions. Thus construed, the latter act seems to me not only clear and intelligible, but exceedingly condensed and comprehensive. When the preliminary steps necessary to secure the right of lien were taken, "the person having a claim filed agreeably to its provisions," might, "at his discretion, proceed to recover it, by personal action" against the debtor and his legal representatives, "or by *scire facias* against the debtor or owner of the building." If there was no appearance, there was to be a judgment by default, but if there was an appearance and defense, then the like proceedings "as in personal actions for the recovery of debts." In either event, there was to be a judgment; a "judgment as in case of summons; as in personal actions for the recovery of debts;" which I understand to be a common law judgment.

To give these provisions any other construction would seem to me the perverting of language which, from time out of mind, has had a fixed legal meaning. But no judgment rendered,

in a proceeding by *scire facias*, should warrant the issuing of an execution except against the building or buildings upon which the lien existed. The party has his option, to make it a general judgment with the particular lien annexed, or to confine his judgment to the specific subject of the lien, without binding generally the person or property of the debtor. But with reference to the property bound by the lien, the judgment was like any other judgment. It must have the properties and incidents of a common law judgment, or the language of the statute would be unintelligible, and its provisions nugatory. What, then, is the consequence? Every common law judgment results in an execution. This is what Lord BACON terms "the life of the law," and Lord COKE, *"fructus, finis et effectus legis."* and this is doubtless what the legislature meant by "personal actions for the recovery of debts;" and if an execution, then a sale also. It is contended, however, that by the express terms of the act, the right of sale is confined to the *building* only. And that it can have no further or greater scope, is argued from the fact that the repealed act of 1839 provided expressly for a sale of the whole interest of the debtor, both in the building and the land; while the substituted act speaks *only of the building.* The distinction between the two acts must be borne in mind. The one gave a purely statutory remedy; the other provided for "a judgment, as in case of summons." Such judgment, by general law, binds all the real estate of the debtor. The proceeding by *scire facias* is not against the building only, but against the debtor or owner of the building." The execution only, is limited to the building. The character of the judgment is not necessarily affected by the limits prescribed to the execution. The whole reason and intent of the statute, as has been shown, require that the judgment should be an ordinary judgment; and, upon general principles, the law must be so construed as to give it legal force and effect for the purposes intended. The whole object of the law is, to secure payment of the mechanic's claim by a judgment against

Dean and others vs. Pyncheon.

the debtor and a sale of his interest in the building. In all ordinary cases, that interest is coupled with and dependent upon an interest in land. In fact. the mere possession of the ground, for the erection and construction of a building, carries with it, inseparably, an interest in the ground. Possession of land constitutes real estate, and the debtor's possession is a right and interest which may be sold under execution against his real estate. 3 Caines, 189; 16 Johns., 192; 18 id., 194; 9 Cow., 73; 3 Paige, 220.

It is true that a building may be regarded in law as a chattel; and, in many cases, it passes as a chattel, but where it occupies the ground and the owner has the right to keep it there, or to go upon the land and move it off, he has an interest, which, coupled with the building, may be levied upon and sold, as real estate.

In all ordinary cases of liens arising in the construction of a building, it would be a mockery to turn the claimant over to a sale of the mere building without the right to enter upon or occupy the soil. The general rule of law is, that the sale of the building is the sale of the possession, and carries with it the whole right of the judgment debtor, whatever it may be, in the premises. 3 Caines, 188; 3 Paige, 220; 9 Cowen, 84. And this is the rule of both common sense and common law, as applied to the act of 1842. It does not assume to give the mechanic a remedy and then make him a trespasser the moment he attempts to assert or enforce it. It gives him a judgment and execution under which the sheriff may sell and purchaser may take all the debtor's right and interest, not only in the building, but in so much of the ground it stands upon, as may be necessary for its ordinary and proper occupation and use. Nothing short of this is consistent with the fair intent of the law; and if the defendant in error got less than this, he ought to have brought replevin for his chattel, instead of ejectment for his real estate.

I proceed to inquire whether a. deed was necessary, or

whether the sheriff's certificate passed the title of the judgment debtor.  Before the passage of the acts relating to sales of real estate under judgment and execution, there cannot be a doubt that the certificate would have been sufficient. · It was a memorandum in writing declaratory of the fact of the sale, which took it out of the statute of frauds.  The case of *Simonds v. Catlin*, 2 Caines, 61, is conclusive on this point; but the law of the state in force at the time of the sale, expressly declares, that " the right and title of the person against whom the execution was issued  to any real estate which shall be sold thereby, shall not be divested by such sale until the expiration of twenty-seven months from the time of such sale; and if such real estate shall not have been redeemed as herein provided, and a deed shall be executed in pursuance of a sale, the grantee in such  deed shall be deemed vested with the legal estate from the time of the sale on such execution, for the purpose of maintaining an action for an injury to such real estate."     Stat. 1839, sec. 81, p. 236; Session Laws 1840, sec. 7.

If, as I have shown, the judgment in this case was an ordinary judgment, and the execution was the ordinary execution "in personal actions," then it follows that the title of the judgment debtor to the real estate in question was not divested by the sale, until the lapse of twenty-seven months, and the execution by the sheriff of a deed to the purchaser.  This is but a corollary to the proposition established, and is conclusive of the case.  On the trial at bar, I was induced by the fact that no decision had been made upon the lien law of 1842, and by my anxious desire to secure to the defendant in error all the rights and privileges intended to be conferred  by it, to admit the sheriff's certificate as evidence of title.  But the opinions of my brethren on the bench, and a more careful examination of the principles of law applicable to the case, have satisfied me that the ruling was erroneous.  There must be a new trial  granted, and the case must be remitted to the circuit

court for such proceedings as may be necessary to do justice between the parties.

Having decided the case upon this point, it is unnecessary for the court to pass on the other questions presented by the plaintiffs in error.

Judgment reversed accordingly.