[No. 80. Decided December 3, 1890.]

M. V. KELLOGG, MICHAEL PHILLIPS, GEORGE MISENER, AND HARRIET MISENER v. LITTELL & SMYTHE MANUFACTURING COMPANY.

MECHANICS' LIENS—DESCRIPTION OF LAND—FORECLOSURE.

A notice of claim of mechanics' lien, which describes the land as "being seventy feet on Pike street, and on the southerly line thereof, by seventy-five feet front on Fourth street, and on the westerly line thereof, excepting a space of twenty-two feet more or less wide on Pike street by about twenty-five feet deep," is so indefinite and uncertain as to the tract excepted that a decree of foreclosure cannot be based thereon.

Under the laws of this state, a mechanics' lien cannot be maintained upon a building separate from any interest in the land upon which it is situated.

*Appeal from Superior Court, King County.*

Action by the Littell & Smythe Manufacturing Company to foreclose a mechanics' lien upon the building of defendant, Phillips, and upon his leasehold interest in certain

land, and against the defendants, George and Harriet Misener, as owners of the fee in the land, and against M. V. Kellogg, as the contractor who erected the buildings. Judgment for plaintiffs, and defendants appeal.

*P. P. Carroll,* for appellants.

*Smith & Littell,* for appellee.

The opinion of the court was delivered by

Hoyt, J.—The objections to the appeal herein urged by the appellee are as to irregularities not going to the jurisdiction of the court, and in view of the uncertainty existing at the time the appeal was taken, growing out of the change of the rules of this court and the unsettled practice thereunder, we do not think that they are such as should deprive the appellants of the right to be heard. The motion to dismiss the appeal is therefore denied.

Appellee sought to obtain judgment for material furnished by it for the erection of a certain frame building, and to foreclose a lien thereon for the material so furnished. Many questions have been argued here by counsel for the respective parties, but the view we take of the law of the case makes it unnecessary for us to consider more than one.

The notice of the claim of lien was introduced in evidence, and from such notice it appeared that the description of the land upon which the lien was claimed, was "all that certain plat of land situated at the southwesterly corner of Pike and Fourth streets, in the city of Seattle, King county, and State of Washington, being seventy feet on Pike street and on the southerly line thereof, by seventy-five feet front on Fourth street and on the westerly line thereof, excepting a space of twenty-two feet more or less wide on Pike street by about twenty-five feet deep; the same being a part of said lots 2 and 3 of said block 21, A. A. Denny's addition aforesaid," and was, in our opinion, so indefinite and

uncertain that a decree of foreclosure could not be founded thereon. It is true that the large piece first described is definite and certain, and if the effect of the continuance of the description had been to except therefrom any certain portion, then the description as a whole would have been good; but such is not the effect of the remainder of the description; on the contrary, its effect is to except from such larger piece a smaller one, the location of which is entirely uncertain. It is true that the area of such smaller piece may be taken as definitely set out by striking from such description the words "more or less," and also the word "about;" and for the purpose of sustaining the lien we should not hesitate to treat such words as surplusage. The fact that the area is certain will not, however, aid the description so long as its location in the larger tract is uncertain. The area in question might be a strip eleven feet wide and twenty-five feet long on either side of a line drawn at any point from Pike street not less than eleven feet nor more than fifty-nine feet from Fourth street. The description, as a whole, is just as uncertain as to the land covered thereby as would be one covering an entire section of land excepting one quarter thereof, without in any way pointing out which quarter section was so excepted. The question is not here presented as to the effect of such notice, if the proofs had been such as to make certain the description intended, and the decree had corresponded to the amended description made by such proofs; for in this case the description in the notice is in no way aided. It follows that there could be no foreclosure of any interest in the land upon which the building was erected because of such insufficient description.

The notice of the lien described the building into which the material went so that it could probably be identified; and if a lien can be maintained upon a building, as such, separate from any interest in the land upon which it is situated, then the decree of foreclosure in this case might be

sustained so far as it relates to the building, and would only have to be modified so as to cover that and nothing more. Such a lien can only be maintained when the statute in express terms so provides. Every case which we have been able to find holds that there can be no such lien without a statute expressly providing for a lien on the building separate from the land. *Babbitt v. Condon*, 27 N. J. Law, 154; *Coddington v. Dry Dock Co.*, 31 N. J. Law, 477; *Tracy v. Rogers*, 69 Ill. 662. In Missouri and Iowa, and perhaps other states, a lien upon the building alone can be maintained, but there, as elsewhere, the courts say that it can only be allowed by force of the positive provision of the statute, which, in those states, not only provides for a lien upon the building separate from the land, but further provides that the purchaser of such building shall have a reasonable time in which to remove the same from the land upon which it is situated. *Jodd v. Duncan*, 9 Mo. App. 417. Our statute would be capable of such a construction had it provided any way by which a lien established upon a building alone could be made of value to a lienor, but it has not done so, and we are, therefore, forced to the conclusion that the lien upon the building was only intended to be enforced in connection with some interest or right to the land upon which it was situated.

Something has been said about the duty of courts to give a liberal interpretation to our statutes. And that such is the duty of all courts, made so by the statute itself, is very plain. But the most that a liberal interpretation can allow a court to do, is to look with leniency upon the language used, and determine, without regard to technical accuracy of language, what the legislature intended. When the intention of the legislature has been thus ascertained, it is beyond the power of a court to dispense with any of the steps prescribed. To hold that a lien could attach without a full compliance with the statute, as thus interpreted, would be contrary to the act itself, as well as to the consti-

tution of our state, which provides that no property can be taken without due process of law.

Under the circumstances of this case there can be no lien, and the cause will be remanded with instructions to set aside the judgment and decree, and enter a new judgment against defendant Phillips for the amount found due and unpaid for the material furnished, with interest thereon to date of judgment. Appellants will recover costs of this court.

ANDERS, C. J., and STILES, DUNBAR and SCOTT, JJ., concur.