(84 N. W. Rep. 346.)

---

GULL RIVER LUMBER COMPANY *vs.* R. H. BRIGGS.

Opinion filed November 16, 1900.

**Mechanic's Lien—Foreclosure.**

> To entitle a party to foreclose a mechanic's lien upon a building only, and sell the same separate and apart from the land upon which it stands, it is necessary, under the present mechanic's lien law of this state (sections 4788-4801, inclusive, Rev. Codes), that the complaint should show either that the building was erected by one who had a leasehold interest in the land whereon the building is situated, and that the lease has become forfeited, or that there were existing liens upon the land at the time the materials were furnished or labor done for which the lien is claimed.

Appeal from District Court, Barnes County; *Glaspell,* J.

Action by the Gull River Lumber Company against R. H. Briggs. Judgment sustaining a demurrer to the complaint, and plaintiff appeals.

Affirmed.

*Young & Combs,* for appellant.

Complainant is not required to allege and prove the precise title of the party with whom he made the contract to the land, for the lien is enforced only upon such interest as he has in the premises. *Miller* v. *Bergenthal,* 20 Wis. 474, 7 N. W. Rep. 356; *Moritz* v.

*Splitt,* 55 Wis. 441, 13 N. W. Rep. 555; Jones on Liens, § 1592. The averments of a petition for a mechanic's lien, in regard to the interests of the defendant, are sufficient to sustain a decree against him if enough appears to disclose the rights of the parties and to admit all evidence bearing upon these rights. *Henderson* v. *Connolly,* 14 N. E. Rep. 1; *Rice* v. *Hall,* 41 Wis. 453; *Shaw* v. *Allen,* 24 Wis. 563; *Chisholm* v. *Williams,* 128 Ill. 115; Jones on Liens, §§ 1591-1592. A mechanic's lien, for materials furnished, may attach not only to the lien-hold estate, but to estates and interests of the most minute and transient character. *Hathaway* v. *Davis,* 5 Pac. Rep. 29; Phillips, Mech. Liens, § 19; *Turney* v. *Saunders,* 4 Scam. 527; *Donaldson* v. *Holmes,* 23 Ill. 85. The party in possession or occupancy of land upon which a structure, for his use and benefit, is erected is presumed to have such an interest therein as, is chargeable with a mechanic's lien, and such presumption continues until the contrary is made to appear. Philips, Mech. Liens, § 187; *McCulloch* v. *Caldwell,* 5 Ark. 237; *Dean* v. *Pyncheon,* 3 Chand. (Wis.) 9. In an action to foreclose a lien for materials furnished the petition contained no allegation in the body thereof that the contract to furnish materials was with the owner, but the petition referred to the lien statement attached, which lien statement clearly disclosed the contract to furnish materials was with the owner. Held, that the petition sufficiently disclosed that the contract was with the owner. *Jarvis, Etc. Co.* v. *Sutton,* 26 Pac. Rep. 406. Notwithstanding the averment in the complaint that the state of North Dakota owned the land in fee, nevertheless the person with whom the contract for the purchase of material was made was, under the averment, the owner of the building constructed with said material; was also the purchaser and occupant of the land upon which it was situated. The interest of Haynes in the land was such as would be subject to the attachment of the lien. Haynes being in possession is presumed to be there rightfully. *Mason* v. *Park,* 3 Scam. 532; *Davis* v. *Easley,* 13 Ill. 192. The land may be subjected to sale, and whatever interest Haynes may have therein, be it more or less, will vest in the purchaser. *Sweitzer* v. *Scyles,* 3 Gil. 529; *Talbot* v. *Chamberlain,* 3 Paige 220; *Dean* v. *Pyncheon,* 3 Chand. 9; *Jackson* v. *Garnsey,* 16 Johns. 192; *Jackson* v. *Parker,* 9 Cow. 73; *Jackson* v. *Graham,* 3 Caines Cas. 189; *Chambers* v. *Benoist,* 25 Mo. App. 520; *Jackson* v. *Towne,* 4 Cow. 602; *Steigleman* v. *McBride,* 17 Ill. 299; *McCullogh* v. *Caldwell,* 5 Ark. 237. The complaint contains traversable allegations of all the essentials to entitle plaintiff to maintain and enforce its lien and it was not pregnable to demur. *Howe* v. *Smith,* 6 N. D. 432; *Rush Owen Lumber Co.* v. *Fitch,* 5 S. D. 213; *Red River Lumber Co.* v. *Congregation,* 7 N. D. 46; *McCrea* v. *Craig,* 23 Cal. 522; *McCoy* v. *Quick,* 30 Wis. 521; *Miller* v. *Bergenthal,* 50 Wis. 474; *McFadden* v. *Stark,* 58 Ark. 7; *Cauddington* v. *Beebe,* 29 N. J. L. 550. The intention of the statute, §§ 4788-4794, Rev. Codes, is to give a lien upon both the land and the building, or either of them. The

statute is remedial and the claim for lien being sufficient in substance it will be sustained. *McCumber* v. *Bigelow,* 126 Cal. 9; *McGinty* v. *Morgan,* 122 Cal. 103; *Mahon* v. *Surerus,* 9 N. D. 57, 81 N. W. Rep. 64. If the statute gives a lien to the material man upon both the land and the building, or either of them, then it is unnecessary to show that the person with whom the contract for the purchase of the materials was made had no legal interest in the land itself. A right to a lien upon the improvements may exist without any contract with the owner of the fee, but by contract with the owner of the improvements. *Lane* v. *Snow,* 66 Ia. 544, 24 N. W. Rep. 35; Jones on Liens, § 1250.

*Lockerby & White,* for respondent.

The notice for a mechanic's lien filed by appellant is void on its face. It recites that the contract has not been completed. Philips on Mech. Liens, 223; *Roylance* v. *St. Louis Hotel Co.,* 15 Pac. Rep. 777; 20 Pac. Rep. 576; *Seaton* v. *Chamberlain,* 4 Pac. Rep. 89; *Schwartz* v. *Knight,* 16 Pac. Rep. 235; *Catlin* v. *Douglas,* 33 Fed. Rep. 569; *Davis* v. *Bullard,* 32 Kan. 234, 4 Pac. Rep. 75; *Seaton* v. *Chamberlain,* 32 Kan. 239, 4 Pac. Rep. 89; *Crawford* v. *Blackman,* 30 Kan. 527, 1 Pac. Rep. 136; 2 Jones on Liens, § 1430. The complaint is fatally defective in not alleging that Haynes had some estate or interest in the land upon which the building was erected. *Peck* v. *Bridewell,* 6 Mo. App. 451; *Clarke* v. *Raymon,* 27 Mich. 456; *Shaw* v. *Allen,* 24 Wis. 563; *Monroe* v. *West,* 12 Ia. 119; *Thaxter* v. *Williams,* 14 Pick. 49. The building becomes a part of the real estate as soon as it is attached to the land, and the building is all the debtor in such case could claim to own. The building could never be sold as the debtor's personal property, or levied upon as his real estate. 2 Jones on Liens, § 1247; *Rabbit* v. *Condon,* 27 N. J. L. 159; *Wager* v. *Briscoe,* 38 Mich. 587; *Haynes* v. *Fessenden,* 106 Mass. 228. The complaint, independent of the notice, must state a cause of action. *Shaw* v. *Allen,* 24 Wis. 563; *Altman* v. *Siglinger,* 2 S. D. 446.

Bartholomew, C. J. Action to foreclose a mechanic's lien. A demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action was sustained, and plaintiff appeals. The lien is sought to be imposed upon the building only, and for materials that entered into its construction. The defendant is the vendee of the party by whom the building was erected. No personal judgment is claimed, or, under the complaint, could be recovered, in this case, against any one. Unless the complaint entitles plaintiff to the foreclosure of the lien claimed, it cannot be sustained for any purpose. To entitle a party to a lien for materials furnished to be used in the construction of a building, such materials must be furnished pursuant to a contract with the owner of the land upon which the building is situate. Such is the clear requirement of section 4788, Rev. Codes. The complaint in this case alleges that at the time such materials were furnished the

state of North Dakota was, and ever since has been, the owner in fee of the land upon which the building is situated. No contract with the state is claimed, but it is alleged that the contract was made with one Haynes, defendant's vendor of the building. It is claimed that the complaint sufficiently shows that the building was erected for the immediate use and benefit of said Haynes, and that by reason of that fact, and for the purpose of the mechanic's lien law, he was the "owner" of the land, under section 4798, Rev. Codes. This section is identical with section 5483, Comp. Laws. In the case of *Mahon* v. *Surerus,* 9 N. D. 17, 81 N. W. Rep. 64, this court construed the latter section, and held that a contract made with one who had a homestead filing upon land would support a lien upon the building for materials used by such party in the construction of a house upon said land for his own use, notwithstanding the fact that under section 2296, Rev. St. U. S., the land could not be subjected to or sold under any such lien. This holding was based upon the fact that under section 5480, Comp. Laws, the plaintiff might, in every case, enforce his lien against the building without selling any interest whatever in the land upon which it stood. That feature of the statute as it appeared in the Compiled Laws has been materially changed by the statute as it appears in the Revised Codes. It is true that the language giving the lien as found in section 4788, Rev. Codes, is the same as the former law, and declares that the party shall have "a lien upon such building, erection or improvement and upon the land belonging to such owner on which the same is situated." In *Mahon* v. *Surerus* we held that this language imported two separate liens, one upon the building and one upon the land. We so held because, as stated, under section 5480, Comp. Laws, the plaintiff could always enforce his lien upon the building alone, and remove it from the land. This cannot now be done. The buildings can now be sold and removed only under the conditions prescribed in sections 4794 and 4795, Rev. Codes. The first of these sections declares that the entire land upon which the building is situated "shall be subject to all liens created by this chapter to the extent of all right, title and interest owned therein by the owner thereof for whose immediate use or benefit such labor was done or things furnished, and when the interest owned in such land by such owner of such building, erection or other improvement is only a leasehold interest, the forfeiture of such lease for the nonpayment of rent or for noncompliance with any of the other stipulations therein shall not forfeit or impair such lien so far as it concerns such buildings, erections or improvements, but the same may be sold to satisfy such lien and be removed within thirty days after the sale thereof by the purchaser." From this section it appears that, where materials are sold to one having a leasehold interest in land for the purpose of erecting a building upon such land, the lien for such materials must be enforced against the leasehold estate, including the building, which, as to the lienholder, becomes a part of the leasehold estate. But the lien cannot be defeated by a forfeiture of

the leasehold interest, thus cutting off all estate in the land to which the lien could attach. In that event, and only in that event, the lien may be enforced against the building alone, and it may be removed from the land. Section 4795 provides that the liens for the things stated shall attach to the buildings or improvements in preference to any prior lien on the land, and, in order to give effect to this provision, it is declared that a court may, where there are prior incumbrances upon the land, direct that the building alone be sold to satisfy the mechanic's lien, and removed from the premises. It is only under these conditions that the buildings can be removed, and it is clear that in each the party erecting the building must have an interest or estate in the land that might be the subject of a judicial sale and transfer but for the conditions named in the statute. In all other cases the building must remain upon the land; but a lien upon a building that could in no manner be utilized would be so barren of benefits that we cannot presume the legislature ever intended to confer it. As the law now stands in this state, no mechanic's lien can attach to the building or the land unless the party for whose immediate use and benefit the building is erected has some estate or interest in the land. Our present statute would, perhaps, be more symmetrical if section 5483, Com. Laws,—being section 4798, Rev. Codes,—had been changed to conform to other changes made. We cannot conceive that it was ever intended to permit a trespasser upon land, by erecting a building thereon for his own "immediate use and benefit," to charge the land with a lien for the value of the work and materials in the building. The complaint in this case contains no allegations showing that the party who purchased the materials and erected the building had any leasehold interest in the land upon which the building was placed, or that any such lease, if it existed, had been forfeited for any reason. Nor is there any allegation that there were any existing liens upon the land when the materials were furnished for the building that was erected thereon. Hence plaintiff is not entitled to any separate sale of the building. That is, however, the specific relief that he asks, and certainly his complaint entitles him to no other. The demurrer was properly sustained. Affirmed. All concur.