BERTRAM F. B. GREEN v. OLE J. TENOLD.

Opinion filed January 11, 1905.

**Mechanics' Liens — Occupant Under Federal Homestead Law.**

Where materials are furnished for the erection of a building on lands held by an occupant under the homestead laws of the United States, the person furnishing such materials is not entitled to a lien upon the building nor upon the land. No lien attaches to a building unless the owner thereof has some interest in the land that can be sold to enforce the lien, except in the cases provided for under sections 4794 and 4795, Rev. Codes 1899. Gull River Lumber Co. v. Briggs, 9 N. D. 485, 84 N. W. 349, followed.

Appeal from District Court, Walsh county; *Kneeshaw, J.*

Action by Bertram F. B. Green against Ole J. Tenold. Judgment for plaintiff, and defendant appeals.

Reversed.

*Spencer & Sinkler* and *E. R. Sinkler,* for appellant.

The defendant having no interest in the land, the title being in the United States, plaintiff can enforce his lien neither against the land nor building. Gull River Lumber Co. v. Briggs, 9 N. D. 485, 84 N. W. 349.

Plaintiff's assignor took back a portion of the lumber sold under his contract and thereby violated its terms. He cannot, therefore, file a valid mechanic's lien against the building partially completed. Section 4788, Rev. Codes 1895; Marski v. Semmerling, 46 Ill. App. 531; Linn v. O'Hara, 1 Abb. Prac. 360; Cunningham v. Jones, 20 N. Y. 486; Pruesser v. Florence, 51 How. 385; Smith v. Sheltering Arms, 35 N. Y. S. 62; Malbon v. Birney, 11 Wis. 107.

Plaintiff's action is barred by the statute of limitations. A mechanic's lien is a principal obligation under section 4696, Rev. Codes 1899, and when the statute runs against the debt the principal obligation is barred. 15 Am. & Eng. Enc. Law, 115; Hills v. Halliwell, 50 Conn. 270; Watson v. Gardner, 10 N. E. 192; Borst v. Corey, 15 N. Y. 505; Prewitt v. Wortham, 79 Ky. 287.

*E. Smith-Peterson,* for respondent.

Appellant claims that defendant, not being the owner of the land at the time the building, upon which lien is claimed, was erected, cannot enforce his mechanic's lien, not even against the building. Gull River Lumber Co. v. Briggs, 9 N. D. 485, 84 N. W. 349.

The above case differs from the case at bar, in that the land therein sought to be affected, was the property of the state of North Dakota, and the person who contracted for the building had neither contract or lease and was a trespasser without right of occupancy. In the case at bar, defendant had no legal estate in the land, but was a rightful occupant under the homestead laws of the United States, and it being his duty to build a house thereon, such house was for his "immediate use and benefit," and he was the "owner" under the mechanic's lien law as defined in section 4798, Rev. Codes 1895, and being such owner his contract would sustain the lien. If section 5469, Comp. Laws, created a lien in favor of Mahon, as held in case of Mahon v. Surerus, 9 N. D. 57, 81 N. W. 64, then section 4788, Rev. Codes 1899, created one in favor of Green, in the case at bar. The language of the two sections is identical. If in the case cited—Surerus case—section 5483, Comp. Laws, constituted Surerus the "owner" with whom a contract for a lien could be made, then section 4798, Rev. Codes, constituted Tenold owner with whom a contract for a lien could be made. The amendment to section 5480, Comp. Laws, occurs in section 4790, Rev. Codes, and relates not to the right of lien but to its enforcement. Sections 4788 and 4789 create two separate liens, one on the land and one on the

buildings, and if the Code fails to give a remedy to enforce them, equity will supply one. 19 Am. & Eng. Enc Law (2d Ed.) 35; Cairo & Vincennes R. R. Co. v. Fackney, 78 Ill. 116; Gilchrist v. Helena Hot Springs Smelter R. R. Co., 58 Fed. 708; 13 Enc. Pl. & Pr. 944, III; Waldorf v. Scott, 46 Texas, 1.

Appellant claims that plaintiff's cause of action is barred by statute of limitations, six years having elapsed since its accrual. The lien is not barred by reason of the lapse of time since suit could be brought on original claim. Section 4696, Rev. Codes. Actions to foreclose mechanic's liens are governed by sections 5207 and 4696, Rev. Codes 1899; 19 Am. & Eng. Enc. Law (2d Ed.) 177, VIII; Spear v. Evans, 8 N. W. 20; Lamb v. Clark, 5 Pickering, 198; 19 Am. & Eng. Enc. Law (2d Ed.) 152.

MORGAN, J. This is an action to foreclose a mechanic's lien upon a building. The plaintiff's assignor furnished the lumber for such building in August, 1896. At that time the land on which the building was placed was occupied by the defendant under a homestead entry made pursuant to the laws of the United States. The defendant relies upon that fact to defeat the plaintiff's lien. After the plaintiff had rested his case he moved to amend the prayer of his complaint to the effect that he be declared entitled to a judgment against the defendant for the sum of $74.02, and that such judgment be declared a lien upon the buildings described in the complaint; that a special execution issue against said building, and that the same be sold under such execution; that the purchaser of such building at said sale be authorized to remove the same from the land on which it was placed within forty days after the sale thereof. This amendment was allowed, and at the close of the trial the court made findings of fact and conclusions of law in plaintiff's favor, and judgment was entered ordering the sale and removal of such building in accordance with the relief asked in the amended complaint. The defendant appeals from the judgment, and asks for a review of the entire case under section 5630, Rev. Codes 1889. Among other contentions, it is insisted by the appellant that the plaintiff is not entitled to a lien either upon the land or upon the building erected thereon. The basis of this contention is that the title to the land on which the building was erected was in the United States, and that such land is exempt from sale under execution for any debts created while the title remained in the United States, and that under the law of this state no lien

on buildings separate from the real estate on which the building is situated is given for materials furnished for the erection of such buildings in cases where the interest of the occupant of the land who procured the materials cannot be sold under execution to satisfy the lien.

It is well settled in this state and in others that lands held under the United States homestead laws, prior to the issuance of patent, are exempt from mechanics' liens based on contracts made while the title to such lands remained in the United States. Mahon v. Surerus, 9 N. D. 57, 81 N. W. 64; Gull River Lumber Co. v. Briggs, 9 N. D. 485, 84 N. W. 349; Kansas Lumber Co. v. Jones, 32 Kan. 195, 4 Pac. 74; Paige v. Peters, 70 Wis. 178, 35 N. W. 328, 5 Am. St. Rep. 156; Fink v. O'Neill, 106 U. S. 283, 1 Sup. Ct. 325, 27 L. Ed. 196. In Mahon v. Surerus, supra, this court held that, under the mechanic's lien law as it then existed under the Compiled Laws, a lien was given on the building separate from a lien on the land, and that where the occupant had no title to the land the lien could be enforced against the building, and the building removed from the land after sale under foreclosure of the lien. Section 5480, Comp. Laws 1887, authorized such sale and removal. Said section 5480 was repealed under the revision of the Code in 1895. In Gull River Lumber Co. v. Briggs, supra, this court held that the effect of the repeal of section 5480, Comp. Laws 1887, is to destroy the right to a lien upon a building when the lienee has no interest in the land, or the land is exempt from sale under liens, as in this case. The court said: "In all other cases the building must remain upon the land; but a lien upon a building that could in no manner be utilized would be so barren of benefits that we cannot presume the legislature ever intended to confer it." That case holds, in construing this same statute, that no lien attaches to the land or to the building unless the owner of the building has some interest or estate in the land out of which a lien can be enforced, and that a building cannot be sold separately from the land to satisfy a lien except in the cases prescribed by sections 4794 and 4795, Rev. Codes 1899; that is, in cases of leasehold interests that have been forfeited, and in cases of incumbrances on the land when the materials are furnished. We think the latter case decisive of the case at bar. This decision is assailed by counsel for respondent. In our opinion, the question of its correctness is not now open for discussion. A rule of property was announced by it,

under which many and important interests have arisen. Under these circumstances the decision should not be changed, even were it conceded to be without authority to sustain it, or a doubtful construction of the statute. Smith v. McDonald, 42 Cal. 484. It has the support of authority, however: Kellogg v. Little & Smythe Co., 1 Wash. 407, 25 Pac. 461; Coddington v. Dry Dock Co., 31 N. J. Law, 477; Babbitt v. Condon, 27 N. J. Law, 154; Ranson v. Sheehan, 78 Mo. 668. No judgment for the value of the materials furnished can be ordered, as more than six years has elapsed since the materials were furnished.

The judgment is reversed, and the district court is directed to dismiss the action.

YOUNG, J., concurs.

ENGERUD, J. I dissent. In my opinion, the reasons assigned for the decision in Lumber Co. v. Briggs, 9 N. D. 485, 84 N. W. 349, were unsound and ought to be overruled. The only question presented in that case was the sufficiency of the complaint on demurrer. The complaint did not show that the defendant was rightfully in possession of the premises. Under the familiar rule that a pleading demurred to must be construed against the pleader, the presumption was that the defendant was a trespasser, and, as a mechanic's lien cannot be acquired on a building erected by a trespasser, the demurrer was properly sustained. No other question was presented. In my opinion, it was unnecessary in that case to consider the question as to whether a building could be sold under a mechanic's lien and be removed. I do not think that decision has become a rule of property. On the contrary, under the conditions existing in this state, I am convinced that adherence to that decision will do a great injury to a large number of meritorious claimants, who have extended credit for labor and material to the settlers on public lands in the belief that they were fully protected by the lien laws of the state. My investigations have convinced me that the decision in Lumber Co. v. Briggs is without authority to sustain it, and violates both the letter and spirit of the statute. I can find no case which sustains the views expressed in Lumber Co. v. Briggs. The case of Kellogg v. Co., 1 Wash. 407, 25 Pac. 461, is not in point. That case involved the construction of the mechanic's lien law of that state, which was construed (erroneously, I think) to create a lien on substantially the same

terms as the mechanic's lien law in New Jersey and some other states, which differ·widely in language from our statute. Under such statutes a lien cannot exist upon a building unless it also attaches to the land itself. In other words, the lien attaches upon the building merely as an incident to the lien on the land. They have been so construed, not because the legislature failed to provide specifically for the separate sale of the building independently of the land, but because the language used in those sections of the act which prescribe the conditions under·which a lien can be claimed did not permit a lien to attach to the building unless it also attached to some estate in the land itself. Coddington v. Dock Co., 31 N. J. Law, 477; Babbitt v. Condon, 27 N. J. Law, 154; Belding v. Cushing, 1 Gray, 576; Wagar v. Briscoe, 38 Mich. 587; Church v. Griffith, 9 Pa. 117, 49 Am. Dec. 548.

In the Washington case the lien statement did not sufficiently identify the land, but it was urged that the court should decree a lien on the building alone. It was claimed that the statute should be construed so as to permit a lien on the building independently of the land. The court held "that there can be no such lien on the building separate from the land," and the Washington statute (it was held) would not bear that construction. In support of its construction, the court calls attention, obiter, to the fact that the statute does not provide for removal of buildings in case of sale, and that obiter dictum is the only thing in the case which tends to support the decision in Lumber Co. v. Briggs. As already stated, the New Jersey cases cited in the majority opinion construe the language of a statute entirely different from our own, and have no application. There is no expression in either of the cases from New Jersey from which it can be inferred that the court considered that the absence from the statute of a provision for the removal of a building curtailed the right to a lien. On the contrary, I find this language in Coddington v. Dock Co., 31 N. J. Law, 481: "A fixture is, during the time it is so fixed, land, but liable to be separated therefrom by divers operations of law, or at the will of the tenant. But the mechanic's lien must attach to it while it is land, and by virtue of its being land. If the lien attaches to it while it is still land, the special fi. fa. sells the building, and the purchaser under it can remove it in the same manner as the owner could before the lien attached, by virtue of its being a trade fixture." This language, it seems to me, clearly recognizes and sup-

ports the proposition that where the lien attaches to any part of the real estate, whether it is part of the soil itself or a building or fixture attached to the land, that part subject to the lien may be separately sold; and the buyer succeeds, by virtue of the purchase, to all the rights of the former owner, including the right of removal, if such right existed. If the person against whom the lien is claimed had only a leasehold estate, or if there were a prior incumbrance on the property, there would generally be no right of removal in the proprietor of the building, and, consequently, the purchaser at the sale under the lien could not acquire that right. This suggests the intent and purpose of those provisions found in the mechanic's lien laws of most of the states, and which are embodied in sections 4794 and 4795 of our Code (Rev. Codes 1899), and in sections 5479 and 5480, Comp. Laws 1887, to the effect that buildings may be separately sold and removed, notwithstanding the builder has no right to remove the structure by reason of the forfeiture of his leasehold estate or the existence of prior incumbrances. The sole intent and effect of these provisions is to create a right of removal, or to secure to the creditor the proceeds of the improvements, under circumstances where such right could not exist without the aid of express statute. It clearly was not the intent to abridge the right to and impair the efficiency of mechanics' liens. The obiter remarks of the commissioner touching the question in Ranson v. Sheehan, 78 Mo. 668, were, in the subsequent case of Lumber Co. v. Clark (Mo. Sup.) 73 S. W. 137, expressly disapproved, and said to be contrary to the well established rule of that state. The case of Lumber Co. v. Clark is instructive. In that case the lien was enforced against a structure erected on land which the defendant held under an executory contract to purchase. It was neither a case of a forfeited leasehold estate nor of prior incumbrances. The Missouri statute is the same as the statute of this state before the revision. That court, however, construed the section of their law (which is identical with section 5480, Comp. Laws Dak. 1887) to be an express provision for removal in case of prior incumbrances only. The Missouri statute, therefore, as construed by the courts of that state, is in substance and effect the same as our present law in this: That it makes express provision for removal of buildings only in case of forfeited leasehold estates and prior incumbrances. Yet the courts of that state do not seem to regard these provisions as prohibitive of the right of removal of

buildings, or as preventing a lien on the building separate from the land in cases other than forfeited leasehold estates or prior incumbrances. In Alabama the statute is very similar to our law. The sections which define the lien and fix the conditions for obtaining it are the same in substance as ours (Code Ala. 1896, c. 71), but the lien on the land is limited to one acre. Section 2725 provides for a lien on structures erected by a tenant on leased lands, and for their separate sale and removal. Section 2724 fixes the relative priority of the mechanic's lien and other incumbrances on the structures and land substantially the same as section 4795, Rev. Codes N. D. 1899, and further provides: "And the person entitled to such lien may, when there is a prior lien, mortgage or incumbrance on the land, have it enforced by a sale of the building or improvement under the provisions of this article, and the purchaser may, within a reasonable time thereafter, remove the same." There are no other provisions in that statute with reference to the right to a separate sale and removal. Under that statute the courts of that state have uniformly held that a lien may exist on the structures separate and apart from any lien on the land. See cases cited in note to section 2723, Code Ala. 1896. In this respect those decisions accord with the decisions of Massachusetts, Wisconsin, New York and Missouri (Forbes v. Yacht Club, 175 Mass. 432, 56 N. E. 615; Ombony v. Jones, 19 N. Y. 234; Dean v. Pyncheon, 3 Pin. 17; Lumber Co. v. Clark (Mo. Sup.) 73 S. W. 137), based on statutes similarly worded. In Bedsole v. Peters, 79 Ala. 133, a mechanic's lien was foreclosed by the separate sale of the structure apart from the land, although the lien did not attach to the land by reason of a defective description in the claim filed for the lien. It was urged in that case that the lien on the structure failed because the land was not held. The court decided otherwise. The court said: "The declaration is clearly made, in the statute, that the lien shall be good upon these structures and upon the land on which they are situated. It is a several, and not a joint, lien; and both the letter and spirit of the law contemplate that the improvements may, in proper cases, be subjected to sale and removal from the premises by the purchaser. While special provision is made in section 3443 (2725) for the sale of improvements located on leased lands, and in section 3442 (2724) for the enforcement of the same right in preference to any prior lien, incumbrance or mortgage  *  *  *  the plain and natural meaning of

the law is that the right to subject the improvements to sale shall not be lost because by accident or negligence the plaintiff has lost his lien on the land by failure to describe it. The policy of the law is to prevent the landowner from unjustly appropriating to his own use the labor and material of the mechanic, employe or material-man by reason of the merger of these values into the freehold estate. The defendant cannot complain that the plaintiff enforces his lien only on what the plaintiff has placed on his premises, and not also on the premises in addition to the improvements."

The earlier lien laws of Massachusetts were similar in terms to those of New Jersey, and received the same construction; and this construction was adhered to even after the law had been amended. The decisions of that state construing the amended statutes were, however, expressly disapproved in Forbes v. Yacht Club, 175 Mass. 432, 56 N. E. 615, and it is there held that a lien may attach to a building and the same may be sold, even though the owner thereof has no interest in the land. A mechanic's lien under the amended statute involved in that case is given in substantially the same language as by the statutes of this state. The Massachusetts statute does not, however, make any provisions for separate sale and removal of buildings. The courts of that state seem to hold that the right to a separate lien gives the right to a separate sale. The following cases based on similar laws, where there was no express provision for a separate sale and removal, announce the same principle: Ombony v. Jones, 19 N. Y. 234; Dean v. Pyncheon, 3 Pin. 17.

Common sense, authority and the elementary rules for statutory construction alike cry out against the views expressed in Lumber Co. v. Briggs. In this case there are no rights of third persons involved. The defendant owns the land and the building, and can remove it at will. He owes the debt which it was the plain intent of the statute should be secured by a lien on the building. I know of no rule of law or principle of equity which in any way prevents the lien from being enforced by a sale of the building which will vest the purchaser with the same right to remove it as this defendant.

The proposition that there can be no separate lien on the building enforceable by the sale of the building alone and removal thereof from the land is, in my opinion, erroneous, and the statement to that effect in Mahon v. Surerus, 9 N. D. 57, 81 N. W. 64, and in

Lumber Co. v. Briggs, was unnecessary to the decision in either of those cases. The first section of the act "recognizes the lien upon the building as a distinct right, and, in addition, gives a lien upon the land." Mahon v. Surerus (page 59 of 9 N. D.; page 65 of 81 N. W.). In corroboration of this statement, the chief justice called attention to the fact that a separate sale and removal of the buildings was provided for by section 5480, Comp. Laws 1887, and, it seems to me, adopted a strained construction of that section when he held that it gave a right to a separate sale and removal in cases other than incumbered land. The propriety of the interpretation of the first section of the act in that case, it seems to me, was sufficiently obvious to stand alone, without the support of such a strained construction of section 5480.

The reason for the amendment made by the revision of 1895 is easily found. It is a well known fact that the territorial mechanic's lien law was copied verbatim from the Iowa law as it existed prior to 1876 (chapter 8, tit. 14, Code Iowa 1873). Experience had shown that the provisions of that law giving the right of removal of buildings from incumbered lands were inadequate to give relief in all cases. Getchell v. Allen, 34 Iowa, 559. The law was changed in 1876. Acts 16th Gen. Assem. c. 100; McClain's Ann. Code, tit. 14, c. 8. Among other changes so made was the adoption of a new provision in regard to incumbered lands. Section 9, subdivision 4; McLain's Code Iowa 1888, section 3317, subd. 4. This change of the Iowa law was incorporated into the laws of this state by the revision of 1895, and is found in section 4795, Rev. Codes 1899, which is, with the exception of some slight changes of phraseology, a copy of subdivision 4, section 3317, McClain's Code Iowa 1888. The change was made to render the law more effective, so as to give the mechanic or material-man the benefit of his lien on the building in cases where, by reason of the superior rights of third persons, the building could not be removed.

Even if the decision in Lumber Co. v. Briggs can be properly said to be in the nature of a rule of property, yet I am for overruling it, because the slight injury which might possibly result in a few individual instances should not, in my opinion, weigh against the certainty of mischief which will surely result from a blind adherence to so bad a precedent.

It is not the mere fact that a given decision of the Supreme Court announces a rule which relates to property rights that gives

such decision character and force as a "rule of property," and there-
fore calls. for the application of the maxim stare decisis when
the decision is questioned.    If that were the meaning of the term,
the rule of stare decisis, reduced to its fewest terms, would be this:
Whatever the judges of the Supreme Court have announced to be
their interpretation of the law in a given case is the law in all cases,
however erroneous that opinion may. be, or however palpably con-
trary to the expressed. will of the legislature, or against the com-
mon law as established by general opinion and business usage
throughout the state. The necessary result of such a doctrine would
be that the court would become a maker of law instead of an in-
terpreter thereof.    All law, both statutory and common, would in
time come to be a mere collection of judicial edicts, having no
firmer foundation than the caprice of judges. I cannot subscribe to
such a doctrine. It is not the doctrine established by the authorities.
A decision becomes a rule of property only when it has been ac-
quiesced in and generally acted upon throughout the commonwealth.
It is not, strictly speaking, the decision which has made the law,
but the decision has become the law by public consent. Such con-
sent is evidenced when it appears that the rule announced by
the decision has by long usage "been made the groundwork and
substratum of practice." Lord, Ellenborough said, in Isherwood
v. Oldknow, 3 Maule & S. 396: "It has been sometimes said that
'communis error facit jus.' But, I say, communis opinio is evi-
dence of what the law is; not where it is an opinion merely specu-
lative and theoretical, floating in the minds of persons, but where it
has been made the groundwork and substratum of practice."
"Mere precedent alone is not sufficient to establish a legal principle
that is not founded on sound reason and does not tend to the pur-
poses of justice." Leavitt v. Morrow, 6 Ohio St. 71, 67 Am. Dec.
334. "In the absence of complications resulting from property
rights, it is the privilege, if not the duty, of courts to re-examine
questions, and modify or overrule previous decisions shown to be
wrong." State v. Hill, 47 Neb. 456, 66 N. W. 541. "Where a
question involving private and public rights has been once passed
upon, and cannot be said to have been acquiesced in, it is the duty
of the court to re-examine such questions judicially, when properly
called upon." Pratt v. Brown, 3 Wis. 603. See, also, Linn v.
Minor, 4 Nev. 462, where the question is most ably discussed, and
authorities cited.

I feel safe in saying, from my knowledge of conditions in this state, that the rule in Lumber Co. v. Briggs, has never become the law by common opinion and practice.   I think it is extremely improbable that any person has bought land burdened with a mechanic's lien, such as the one in question, paid the purchase price, and knowingly taken his chances on its validity or invalidity in reliance on the previous decision in question.   If any such case could be found, such an isolated case of individual hardship should not weigh as a feather against our duty to declare the law as it is, and thus protect and enforce the rights of the far greater number who have, in ignorance of that decision and in reliance on the plain language of the statute, extended credit for labor and material to aid in the upbuilding of this new state.