# HARLAN P. TRACY *et al.*

## *v.*

# HENRY P. ROGERS.

1. ALLEGATIONS AND PROOFS. A party can not make one case by his pleading and obtain relief on another made by the proof.

2. EVIDENCE—*answer to petition for mechanic's lien.* The answer, under oath, to a petition for a mechanic's lien, where the oath is not waived, so far as it is responsive to the allegations of the petition, must be received and treated as evidence.

3. MECHANIC'S LIEN—*contract must be with owner of land.* It is indispensable to a mechanic's lien, that the party with whom the contract is made shall have some interest in the land upon which the building is to be erected or repaired, etc. This interest may be a fee simple, an estate for life, or it may be any estate less than a fee.

4. SAME—*not for labor, etc., on property of a third party.* If a mechanic performs labor upon a building in the temporary use of the party employing him, but which belongs to a third party, the statute gives him no lien.

5. SAME—*statute relating to prior imcumbrances.* The statute providing, where the land is incumbered by mortgage or otherwise at the time of making the contract, the owner's equity of redemption may be sold, has no application where the equity of redemption is gone by sale under a deed of trust.

6. SAME—*apportioning proceeds of sale as between lienholder and prior incumbrancer.* Where the premises against which a mechanic's lien is decreed are subject to a prior incumbrance, the decree should ascertain what proportion of the proceeds of the sale shall be paid to the respective parties in interest. A decree of sale without this is erroneous.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

This was a petition, filed by Henry P. Rogers, against the Elmwood Paper Manufacturing Company, Harlan P. Tracy and several others, to enforce a mechanic's lien.

The cause was heard upon the petition, exhibits, answers, replication and proofs, and the court decreed a lien in favor of the petitioner for the sum of $228.06, from which the defendant Tracy and the Elmwood Paper Manufacturing Company appealed.

Mr. H. B. HOPKINS, and Messrs. CRATTY BROTHERS, for the appellants.

Messrs. COOPER & LAPHAM, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a proceeding to establish a mechanic's lien. It is not perceived how the decree can be maintained; certainly not to the extent found by the court.

It is the settled doctrine, that a party can not make one case by his pleading and obtain relief on another made by the proof. This principle applies to proceedings under the Mechanic's Lien Law, as well as in chancery causes.

The allegation is, appellee contracted with the Elmwood Paper Manufacturing Company to furnish materials to enlarge, repair and improve buildings situated on certain premises of which, it is said, the company represented itself to be the owner. The company, in its answer, denies that all the materials alleged to have been furnished were used on buildings situated on any premises claimed to be owned by it, but, on the contrary, shows that quite a large amount of the materials actually furnished were, in part, used on a building situated on block 10, owned by the C., B. and Q. Railroad Company, and another portion used about a pond situated on premises never owned or claimed by it.

The answer was called for under oath, and it must have the same effect as a sworn answer in chancery. It was responsive to the allegations in the petition, and is, therefore, to be received as evidence. The proof, instead of overcoming the statements in the answer, rather tends to support them.

This proceeding is purely statutory, and the remedy given must be pursued strictly. There can be no mechanic's lien unless the contract is made with the owner of the land or lot on which the building is to be erected, in the sense in which the term "owner" is used in the statute.

A mechanic or material-man can not contract with a party to erect a building on the lands of another, in which he has no interest, and thus create a lien in his favor for his labor or materials. Such is not the law. It is indispensable, in every case, that the party with whom the contract is made should have some interest in the land. It may be a fee simple estate or an estate for life, or it may be any estate less than a fee simple.

There can be no dispute, a portion of the materials for which the court rendered a decree was used in making improvements on lands in which the party with whom the alleged contract was made never claimed to have any interest, and yet the court decreed a sale of the fee of the estate, in a proceeding where the real owners were not even made parties.

The proof shows the company used the pond in connection with its business, and also the warehouse situated on block 10; but it can not be said, in any legal sense, they were appurtenant to the buildings on the premises owned by it. The appurtenances referred to in the law must be situated on the land or lot with the main building, except in cases provided for in the act of 1863, where such structures may be situated beyond the line of the lot on which the principal building stands. Obviously, the meaning of that act is, the lien given is upon the lot where the main building is situated, and not on the lot beyond the line, where the appur-

tenant structures may be. It would be absurd to hold that either the statute of 1845 or that of 1863 had reference to structures situated on the land of another, although the party with whom the contract is made might be in the temporary use of them. The statute will bear no such construction. *Parmelee* v. *Hambleton,* 19 Ill. 615.

There is another reason why this decree must be reversed. It is shown by the record that appellant Tracy was, at the date this suit was commenced, the owner in fee simple of the premises formerly owned by the paper company, and that he acquired title under a deed of trust given long before the alleged contract was made to furnish materials to repair the buildings thereon.

The statute provides, in substance, if the land or lot, at the date of making the contract, shall be incumbered by mortgage or otherwise, the person who procures the work to be done or materials furnished, shall, nevertheless, be considered the owner, within the meaning of the act, and his equity of redemption, or whatever estate he had, may be subjected to sale. R. S. 1845, p. 347, sec. 17.

No relief could be decreed under this section of the statute, for the reason the paper company had then no interest whatever in the premises that could be subjected to sale. Its equity of redemption had previously been foreclosed by a sale under the deed of trust, and no title or estate whatever remained.

But it is provided, by the 20th section of the same act, no incumbrance created before the making of the contract shall operate on the building erected or materials furnished, until the lien in favor of the person doing the work or furnishing the materials has been satisfied; and upon all questions arising between previous incumbrances and creditors, the previous incumbrance shall be preferred to the extent of the value of the land at the time of making the contract; and it is made the duty of the court to ascertain, by jury or otherwise, what proportion of any sales shall be paid to the several

parties in interest. This the court wholly failed to do. The decree directs the sale of the premises, and no notice is taken of the rights of Tracy, as shown by the record. No steps were taken, as required by law, to ascertain what proportion of the proceeds of the sale should be paid to the respective parties in interest, and no directions were given. As we understand the decree, the lien in favor of appellee for materials furnished was to be satisfied out of the proceeds of the sale, without any reference to the prior incumbrance in favor of appellant Tracy. In this respect, it is clearly erroneous.

For the errors indicated, the decree is reversed, and the cause remanded for further proceedings.

*Decree reversed.*