## William H. Fountain

### v.

## Elizabeth Fountain.

*Husband and Wife—Separate Maintenance—Necessary Averments—Variance.*

1. In a bill for separate maintenance the complainant must set out the facts upon which she bases the general allegation that she is living separate and apart from her husband without her fault.

2. Where the evidence makes another and different case than that stated in the bill, it will not sustain the decree for the complainant.

3. Upon a bill for separate maintenance this court reverses a decree for the complainant, because the proof fails to support the allegations, and because the bill contains no averments to support the findings on which the relief decreed is based.

[Opinion filed June 13, 1887.]

Appeal from the Circuit Court of Perry County; the Hon. Amos Watts, Judge, presiding.

Mr. W. K. Murphy, for appellant.

Messrs. John Boyd and R. W. S. Wheatley, for appellee.

Wilkin, P. J. This is a bill by appellee against her husband, appellant, for separate maintenance under Sec. 22, Chap. 68, R. S. By the bill she avers " that a few weeks after their marriage the defendant commenced a course of unkind, cruel and inhuman conduct toward her, which continued until *she finally separated from him on the 27th day of May, A. D. 1886;* that he was guilty of such extreme and repeated cruelty toward her as to render it unsafe and improper for her to cohabit and live with him as his wife; she therefore is and has been ever since the said 27th day of May, A. D. 1886, living separate and apart from her said husband without her fault."

The answer admits that *complainant left the defendant,* but

denies each allegation of cruelty, and avers that she deserted and abandoned him of her own wrong. To the answer a general replication was filed. The only issue, therefore, made by the pleadings is, was the wife justified in leaving her husband on account of his cruel treatment toward her? This issue was entirely lost sight of on the trial, and wholly ignored by the decree. By it the court finds that the husband deserted and abandoned the wife, and it appears from the evidence that the complainant tried the case below on that theory.

It is well settled that it is not sufficient in a bill of this kind to make the general averment that the wife is living separate and apart from her husband without her fault, but she must, by way of particular averments, set forth the facts upon which she bases the general allegation, and these particular averments she must support by proof. Therefore, in this bill the allegation of cruelty by the husband is material and is the gravamen of appellee's action. The court below evidently found that the charge of cruel and inhuman treatment was not proved. From the evidence it could not have found otherwise. Therefore, on the issue made by the bill, answer and replication, the decree must have been for the defendant below. The decree, however, disregards that issue and decides the cause in favor of complainant on entirely different grounds. The averment is that she left her husband. The finding is, he left her. The averment is that she was justified in leaving him on account of his cruel treatment. By fair inference the finding is against the averment of cruelty, and is to the effect that the husband deserted her without justification. No rule of pleading and practice is better settled than that a plaintiff or complainant is not permitted to state a case one way in the bill or declaration and make another and different case by the evidence. This rule is forcibly and clearly announced in Carmichael v. Reed, 45 Ill. 108, 112, and Tracy v. Rogers, 69 Ill. 662, which were causes in chancery. The decree of the Circuit Court is reversed because the proof fails to support the allegations, and because there are no averments in the bill to support the findings on which the relief decreed appellee is based.

*Reversed and remanded.*