LOUIS BECK, Respondent, *v.* THE CATHOLIC UNIVERSITY OF AMERICA, Appellant, et al., Respondents.

MECHANIC'S LIEN — WHEN VENDOR OF REAL PROPERTY IS NOT LIABLE FOR BUILDINGS ERECTED BY VENDEE TO WHOM POSSESSION IS GIVEN "FOR THE PURPOSE OF ERECTING BUILDINGS THEREON." Where land sold under an executory contract was retaken by the vendor upon the vendee's default in payment, a person who performed labor and furnished materials for buildings erected upon the land by the vendee while in possession thereof, is not entitled to a judgment enforcing a mechanic's lien thereon against the vendor, where there is no proof that the vendor had any knowledge as to the character of the building to be erected, or of

the erection of the building constructed, or that the vendor acquiesced therein, and the only ground relied upon as constituting the vendor's consent to the erection of such building is a provision of the contract that the vendee should have immediate possession of the property "for the purpose of erecting buildings thereon."

*Beck* v. *Catholic University*, 62 App. Div. 599, reversed.

(Argued October 27, 1902; decided November 11, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 20, 1901, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The action was to foreclose a mechanic's lien upon real property owned by the appellant situated on Riverside drive in the city of New York. It consisted of six lots which the appellant, by an executory contract, sold to the defendant Dexter for one hundred thousand dollars. Dexter employed the plaintiff to erect a building for a restaurant thereon, and out of this employment the plaintiff's claim arose, for which he filed a mechanic's lien and which he sought by this action to foreclose. Several of the defendants filed liens against the property which they also sought to enforce in this action. In December, 1897, Dexter defaulted in payment under his contract, his right to the property ceased, and the university took possession thereof. The building upon the premises was constructed while Dexter was in possession. The plaintiff recovered a judgment awarding him a lien thereon for $9,020.32, the defendant Hamilton for $614.56, and the defendants Mackey and Smith for the sum of $785. The judgment of the Special Term was affirmed by a divided court.

*Abram I. Elkus* and *Joseph M. Proskauer* for appellant. The Mechanics' Lien Law provides that to subject land to a mechanic's lien the improvements must be made thereon with the consent of the owner. Here there was no express consent on the part of the university or any of its officers, and it cannot be implied from the clause in the contract with Dexter

that " the vendee shall have the right of immediate possession of the property for the purpose of erecting buildings." (*De Klyn* v. *Gould*, 165 N. Y. 282; *Hankinson* v. *Vantine*, 152 N. Y. 20; *Cowen* v. *Paddock*, 137 N. Y. 188; *De Klyn* v. *Simpson*, 34 App. Div. 442; *N. W. P. Co.* v. *Sire*, 163 N. Y. 122; *Burkitt* v. *Harper*, 79 N. Y. 273; *Butler* v. *Flynn*, 51 App. Div. 225; *Otis* v. *Dodd*, 90 N. Y. 336; *Hackett* v. *Badeau*, 63 N. Y. 476; *Schmalz* v. *Mead*, 125 N. Y. 188.) The contract contained merely a permission, not a consent. (*Vosseller* v. *Slater*, 25 App. Div. 368; 163 N. Y. 564; *Havens* v. *W. S. Co.*, 49 N. Y. S. R. 771.) There was no consent in the alleged conversations with Mr. Dahlgren, the university's attorney at law. (*Marvin* v. *Wilbur*, 52 N. Y. 270; *Duffus* v. *Schwinger*, 79 Hun, 541; *W. R. Co.* v. *Tappan*, 80 Hun, 219; *Gould* v. *Town of Sterling*, 23 N. Y. 463; *Stringham* v. *St. Nicholas Ins. Co.*, 4 Abb. Pr. 315; *Hubbard* v. *Elmer*, 7 Wend. 446.) The university was not the owner within the meaning of the Mechanics' Lien Law. (L. 1885, ch. 242, § 5; *Vosseller* v. *Slater*, 25 App. Div. 368.)

*Alfred B. Cruikshank* for plaintiff, respondent. The proof clearly established the consent of the owner, the Catholic University of America, to the erection of the building. (*Hyatt* v. *Clark*, 118 N. Y. 563; Story on Agency, § 140; *Hackett* v. *Badeau*, 63 N. Y. 476; *Nellis* v. *Bellinger*, 6 Hun, 560; *Burkitt* v. *Harper*, 79 N. Y. 273; *Husted* v. *Mathes*, 77 N. Y. 388; *Otis* v. *Dodd*, 90 N. Y. 336; *Kealey* v. *Murray*, 15 N. Y. Supp. 403; *Schmalz* v. *Mead*, 125 N. Y. 188; *Miller* v. *Mead*, 127 N. Y. 544; *Cowen* v. *Paddock*, 137 N. Y. 188.) The university was the owner within the Mechanics' Lien Law, and plaintiff's lien covers the interest both of the university and of Dexter. (*Miller* v. *Mead*, 127 N. Y. 544; *Schmalz* v. *Mead*, 125 N. Y. 188.)

*Louis S. Phillips* for Oscar T. Mackey et al., respondents. The building was constructed with the consent of the

university, the owner of the real property, or of its agent, within the meaning of section 3 of the Lien law. (*Schmalz* v. *Mead,* 125 N. Y. 188; *Miller* v. *Mead,* 127 N. Y. 544; *Cowen* v. *Paddock,* 137 N. Y. 188; *Kealey* v. *Murray,* 15 N. Y. Supp. 403; *Nat. W. P. Co.* v. *Sire,* 163 N. Y. 122; *Otis* v. *Dodd,* 90 N. Y. 336.) The proof was sufficient to show that Dahlgren was the agent of the university for the sale and disposition of the property. (*Griffen* v. *Manice,* 166 N. Y. 188; *Hyatt* v. *Clark,* 118 N. Y. 563; Story on Agency, §§ 134, 137, 140; *Henry* v. *Allen,* 151 N. Y. 9; *Benedict* v. *Arnoux,* 154 N. Y. 728; *Wylde* v. *N. R. R. Co.,* 53 N. Y. 156; *Matter of Randall,* 158 N. Y. 219; *The Odorilla* v. *Baizley,* 122 Penn. St. 292; Greenl. on Ev. [16th ed.] 308, § 184.)

*Wilfrid N. O'Neil* for John A. Hamilton, respondent. The consent of the university to the improvements by the plaintiff and the other lienors was clearly shown. (*Fejdowski* v. *D. & H. C. Co.,* 168 N. Y. 500; *Schmalz* v. *Mead,* 125 N. Y. 188; *Butler* v. *Flynn,* 51 App. Div. 224; *Kealey* v. *Murray,* 15 N. Y. Supp. 403.)

*Per Curiam.* The judgment appealed from should be reversed. The mechanics' liens involved in this action were filed against property now owned by the Catholic University of America. The appellant insists that the labor and materials furnished, for which liens were filed, were not furnished either with its consent or at its request, although its property has been held liable therefor. It is not even pretended that the university requested the performance of the labor or the furnishing of the materials employed in the erection of the building upon the appellant's land. Nor do we think there was any such consent as is contemplated by the statute relating to the subject. We fully concur with the learned Appellate Division in the opinion that no consent by the university was established by the parol evidence in the case, as it was not proved that Dahlgren was a general agent of the univer-

sity, nor was he shown to have been authorized by it to do anything concerning the erection of such building. Consequently no inference of authority or consent can be drawn from the testimony as to his acts or declarations. The only ground upon which the Appellate Division held that the university consented to the erection of buildings on its land is that the contract of sale effected such consent. The provision upon which that court relied as constituting consent was as follows : " It is further understood and agreed that the vendee shall have the right of immediate possession to the property hereinbefore mentioned and described for the purpose of erecting buildings thereon." Obviously, the only effect of that provision was to give the vendee the right of possession which he would not otherwise have had, and it cannot be regarded as a consent under the provisions of the Lien Law to the erection of the building constructed by Dexter. It is to be observed that, while there was consent by the vendor that the vendee should have the right of possession for the purpose of erecting buildings thereon, there was no consent whatever to the construction of the particular building erected. It is quite evident that the university had knowledge of the fact that the defendant Dexter intended to improve the property by the erection of a building thereon. There was, however, no proof of any knowledge upon its part as to the character of the building to be erected, of the erection of the building constructed, or that the university acquiesced therein. Proof of the existence of that knowledge was insufficient to establish a consent, under the Lien Law, to the erection of any building which the vendee should conclude to or did erect. The decision of the learned Appellate Division in that respect is in direct conflict with the later decisions of this court. ( *Vosseller* v. *Slater*, 25 App. Div. 368, 372 ; affirmed, 163 N. Y. 564 : *Havens* v. *West Side Electric L. & P. Co.*, 49 N. Y. St. R. 771 ; affirmed, 60 N. Y. St. R. 874 ; *Hankinson* v. *Vantine*, 152 N. Y. 20, 29 ; *De Klyn* v. *Gould*, 165 N. Y. 282, 286 ; *Rice* v. *Culver*, 172 N. Y. 60.)

The *Vosseller* case was quite similar to the case at bar.

It was there held that the property of the vendor was not subject to a mechanic's lien upon the buildings erected or altered by the vendee. In that case it was said : " It would be a most unusual statute and of doubtful validity which should provide that, in case a vendor sells real estate by an ordinary executory contract of sale, knowing that the vendee intended to erect a building thereon, the vendor's interest should be charged with a lien for the expense of erecting a building, and so improve the vendor out of his estate." In that case, as in this, there was no provision in the contract which required the vendee to make the improvements which were made upon the premises. In the *Havens* case it was held that the mere fact that a landlord may know that his tenant contemplates making certain improvements or applying the property to certain purposes, cannot make the former liable for the expense of such work. The *Hankinson* case is to the effect that a mere general consent of an owner that the lessee in occupation may, at his own expense, make alterations in a building occupied by him, does not constitute a consent by the owner that a third party shall furnish labor or materials for the alterations, so as to make such labor and materials the basis of a mechanic's lien upon the building, especially in the absence of any notice or knowledge on the part of the owner from which such consent can be implied. After reviewing several authorities in this court, it was there said : " Thus it seems that the requirements of this statute as to consent are not met by a mere general agreement to the effect that a third person may, at his own expense, make alterations in a building occupied by him. The statute requires more. It requires either that the owner shall expressly consent to the particular alteration made, or that, with a knowledge of the particular object for which they are employed, he acquiesces in the means adopted for that purpose." In the *De Klyn* case it was decided that the consent necessary under the Mechanics' Lien Law, to render the owner liable for work done or materials furnished, will not be implied from a mere acquiescence by the owner in the alterations, in the absence of

any affirmative act or declaration on his part, which might have misled the lessee or contractor.  It was there said : " The owner's interest in his real estate is not liable in every case in which to his knowledge labor and materials are furnished for erections upon his real property or alterations in the existing erections.  \*  \*  \*  Consent is not a vacant or neutral attitude in respect of a question of such material interest to the property owner."  In *Rice* v. *Culver* the authorities relating to the subject were quite exhaustively examined, and we held that to constitute the consent mentioned in the statute the owner must either be an affirmative factor in procuring the improvement to be made, or having possession and control of the premises, assent to the improvement in the expectation that he will receive the benefit of it.  This review of the authorities discloses that the consent relied upon by the respondent was insufficient to justify the court in holding the land of the university liable to the liens sought to be enforced in this action.  Therefore, there was in this case no evidence to justify the trial court in finding that the labor and materials performed and furnished by the lienors were furnished with the consent of the university.

It thus appearing that there was no evidence which, according to any reasonable view, supports the finding of the trial court, and as the affirmance by the Appellate Division was not unanimous, the question whether there was any evidence to support that finding raises a question of law which the Court of Appeals may review.  (*Ostrom* v. *Greene*, 161 N. Y. 353.)

While there were several other questions presented upon the argument and in the briefs of counsel, still, as the judgment must be reversed upon the ground that there was no valid consent by the owner which made its land liable for the liens placed thereon, no discussion of those questions seems necessary.  It may, however, be remarked that the admission of the evidence as to the acts and declarations of Dahlgren was clearly erroneous, and the judgment might well be reversed upon that ground.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Gray, O'Brien, Martin, Vann, Cullen and Werner, JJ., concur; Parker, Ch. J., absent.

Judgment reversed, etc.