## S. O. CRUTCHER *et ux.* v. G. H. BLOCK.

(Filed September 5, 1907.)

(91 Pac. 895.)

1. **MECHANICS' LIENS.**—Materialman's Lien—Government Land— Leasehold Estate. Where one causes to be erected a building on real estate in his possession, and material furnished for such purposes is not paid for, a materialman's lien may be had under the laws of Oklahoma, even though the person for whom such building was erected is not the owner of.a perfect legal title. A leasehold estate (if the building is erected within the authority conveyed by such instrument) is a sufficient title of ownership to authorize such a lien; and, in default of payment, such lien may be foreclosed and the rights of the lessee in the land or to the occupancy thereof under his lease, as well as the building, may be sold to satisfy the judgment.

2. **COURTS—Jurisdiction.** Where a court has jurisdiction over the persons to an action, by legal service or voluntary appearance, and the cause is the kind of a cause triable in such court, it has jurisdiction of the subject of the action and power to render any rightful judgment therein.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before Frank E. Gillette, Trial Judge.*

Affirmed.

*Hudson & Keys,* for plaintiffs in error.

*Stevens & Myers,* for defendant in error.

Opinion of the court by

BURWELL, J.: The board for leasing school, public building, and college lands of Oklahoma Territory leased to one O. P. M. Butler for townsite purposes the east half of the northeast quar-

ter of section thirty-six, township two north, of range twelve west
of the Indian Meridian, in Comanche county. Butler platted the
land into lots and blocks and streets and alleys, and it is known
as Butler's Addition to the City of Lawton. He subleased, as he
had a right to under the law and the written condition of his
lease, to S. O. Crutcher a certain lot in this addition. One L. H.
Robinson, under contract with S. O. Crutcher, erected a house on
this lot in question, and the plaintiff below, having furnished lum-
ber for the erection of this building, and the same having been
used in the building and not paid for, filed a material man's lien
for the lumber so furnished. There is no controversy about the
facts. Judgment having been rendered by the court below for the
plaintiff for $271.05, Crutcher appeals to this court and asks a re-
versal: First, because the lot on which the house was erected is
school land, and the legal title is in the government; second, that
the residence in question is personal property, and therefore not
subject to a mechanic or material man's lien; and, third, that the
trial court did not have jurisdiction of the subject of the action.

The third contention is manifestly without merit. The court
had acquired jurisdiction over the persons to the action, and the
cause was the kind of a cause which could be tried in the district
court alone. It was therefore the duty of the court to determine
the merits of the controversy and grant or deny relief as the facts
and law of the case might justify. Section 4817 of Wilson's Rev.
& Ann. St. of Oklahoma 1903, provides that "any person who
shall, under contract with the owner of any tract or piece of land,
or with the trustee, agent, husband or wife of such owner, fur-
nish material for the erection, alteration or repair of any build-
ing, etc. * * * shall have a lien upon the whole of said piece
or tract of land, the building and appurtenances, in the manner
herein provided, for the amount due to him for said labor, mater-
ial, fixtures or machinery." And section 4819, of the same statute
provides that: "Any person who shall furnish any such material
or perform such labor under a subcontract with the contractor,

or as an artisan or day laborer in the employ of such subcontractor, may obtain a lien upon such land from the same time, in the same manner, and to the same extent, as the original contractor for the amount due him for such material and labor; and any artisan or day laborer in the employ of such subcontractor may obtain a lien upon such land from the same time, in the same manner, and to the same extent, as the subcontractor, for the amount due him for such material and labor, by filing with the clerk of the district court of the county in which the land is situated, within sixty days after the date upon which material was last furnished or labor last performed under such subcontract, a statement, verified by affidavit, setting forth the amount due from the subcontractor to the claimant, and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property upon which a lien is claimed," etc. Now, it is insisted that, under these provisions of the statutes of Oklahoma, a lien cannot be had unless the person for whom the building is erected is the owner of the legal title to the land on which the building is located, citing in support of this position the case of *Kellogg et al. v. Littell & Smithe Mfg. Co.* (Wash.) 25 Pac. 461; *Tracy v. Rogers,* 69 Ill. 662; *Babbitt v. Condon,* 27 N. J. Law 154, and *Coddington v. Dry Dock Co.,* 31 N. J. Law, 477. We have examined all of these cases, and, with the exception of the first case just referred to, they do not support that contention. The statute of New Jersey provides that every building shall be liable for the payment of any debt contracted or owing for labor performed or materials furnished for the construction thereof, which debt shall be a lien on such building, and on the land on which it stands, including the lot or curtilage whereon the same is erected, and that, if any building be erected by a tenant or other person than the owner of the land, then only the building and the estate of such tenant or other person so erecting such building shall be subject to the lien, unless it be erected by the consent in writing of the owner of the land, duly acknowledged or proved and recorded.

It will be observed that the statute made a distinction between the owner and the tenant, or person other than the owner erecting a building. In the case of *Babbitt v. Condon, supra,* one Lowell Mason was the owner of the land. D. G. Mason made a contract with James Condon to build a house on this land, the consent of the owner of the land not having been obtained. A mechanic's lien was filed against the house and the land, which described James Condon as the contractor and D. G. Mason as the owner of the land. Lowell Mason, who owned the land and who furnished the money to build the house, was not a party. D. G. Mason had no interest in either the house or land. The lien was denied. The court did not hold that a lien cannot be had unless the party for whom a building is erected is the owner of the legal title to the land on which it is erected. Such a decision would have been in violation of a positive statute.

The case of *Coddington et al. v. Dry Dock Co., supra,* simply holds that the person for whom a building is erected must have some interest in the land, or else no lien can attach. The law is stated in the syllabus as follows:

"In order to subject a building to the lien law, the owner of the building must have some estate in the land on which it stands; unless this is so, there can be no lien either on the land or the building."

In the case of *Tracy v. Rogers, supra,* the court denied the position of appellant in the following language:

"It is indispensable to a mechanic's lien that the party with whom the contract is made shall have some interest in the land upon which the building is to be erected or repaired, etc. This interest may be a fee simple, an estate for life, or it may be any estate less than a fee."

In the case under consideration the record shows that Crutcher held a lease for the real estate on which the house was erected, and it is the general rule that it is not necessary that the person for whom a building is erected should own the fee simple title, but the word "owner," as used in the statute, includes every character of title, whether legal or equitable, fee simple or leasehold.

In the Am. & Eng. Enc. of Law., vol. 20, page 301, it is said:

"It may be stated as a general rule that a mechanic's lien may attach to and can be supported by an estate in fee, or of an estate or interest less than a fee, such as an estate for life or years, a mortgagor's right of redemption, the interest of a person in possession claiming title, or, in short, any other interest which the owner of the building or improvement may have in the lot or land on which it is situated, provided such interest be such that it can be assigned or transferred, or sold under execution, or, it has been said, can pass by mortgage."

And again on page 303 of the same book:

"It is well settled as a general rule at the present time that a mechanic's lien may attach to and be enforced against a leasehold estate for labor or materials furnished under a contract with the lessee, even though the tenancy is only from month to month, or, it has been held, though the tenant has the privilege of removing the machinery and fixtures on account of which the lien is claimed. The lien is, however, subject to all the conditions of the lease."

The authorities are collated in this book under these different headings and fully support the text as quoted above. It should not be overlooked that the mechanic's lien law was enacted for the protection of those furnishing material for or performing labor on a building, and not for the benefit of him who has the building constructed; and the right to a lien upon the legal title includes the right to a lien on a lesser interest in the land. It is true that some courts have held that there must exist some estate in the land itself, but these same courts have also recognized that wherever one is in possession of real property and has any estate therein, no matter how slight, if, under such title, he may lawfully erect a building thereon, such ownership will authorize a mechanic's or material man's lien and, under the law, that estate, whether it be the complete legal title or a lesser estate, may be sold. Such a lien, of course, would be subject to all of the conditions of the lease or conveyance under which the party held. Under the rule here adopted, it is immaterial that the legal title to the land in question is in the United States. The United States authorized the leasing of such land for townsite purposes,

and by the terms of such a lease an estate is created. The territory and the general government are bound by their contracts the same as an individual, and it is only the estate held by the appellant that can be affected by this lien.

The authorities holding that a mechanic's lien cannot attach to land held as a government homestead, or to the buildings or improvements placed thereon, have no application in this case. In such circumstances they are absolutely prohibited by congress; but where the government leases land for a term of years such lease must be measured by the general law applicable to such instruments, unless exceptions affirmatively are made by the law itself. The lease of the appellant expressly authorizes the removal of the building placed on the land under the lease. Neither the government nor the territory can in any way be affected to their detriment by the enforcement of this lien. As to whether or not a lien might have been had against a building alone under the law in force when the building was erected, where the party for whom it was erected had no interest in the land, it is not necessary to determine, as that point is not involved. However, the legislature, since this cause of action accrued, by section 1 of article 1 of chapter 28 of the Session Laws of 1905, limited the lien to the building and improvements alone, when erected on land that is leased and unimproved. This statute is in some respects a limitation on the general law, and not an enlargement of its provisions, as contended by appellant.

Under the great weight of the adjudicated cases, this judgment should be affirmed, and it is so ordered. Costs taxed to the appellant.

Gillette, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.