ANTHONY J. BATTISTELLI
*vs.*
LOUIS S. JACOBSON ET AL.

Court of Common Pleas     Fairfield County     File No. 45392

MEMORANDUM FILED DECEMBER 21, 1944.

*J. Walter Scheffer,* of Bridgeport, for the Plaintiff.

*Theodore E. Steiber,* of Bridgeport, for the Defendants.

BORDON, J.   This is an action to foreclose a mechanic's lien on property of the defendants for services rendered and materials furnished to a lessee of the defendants pursuant to a written contract between the plaintiff and the said· lessee. The defendants were not parties to the contract, but did give their consent to have the work done.   The plaintiff had, from time to time, done plumbing work for the defendants over a period of years.   Knowing that their lessees contemplated re-modeling of their leased premises they urged and persuaded the plaintiff to contract for the plumbing work necessary in connection with the remodeling.   They did not, however, in any manner, guaranty payment for said work, nor did they, by word or deed, lead the plaintiff to believe that they, or their property, would be responsible for payment for the contemplated work.   In fact, the plaintiff admits that he has no claim or cause of action against the defendants for the unpaid amount due him from the lessee for the work performed under the contract, but presses what appears to be a paradoxical claim, that under sections 5105, 5106 and 5107 of the General Statutes, Revision of 1930, he can lien the defendants' property and thus accomplish payment of an obligation not owed or undertaken by the defendants and never regarded by him as a debt due him from them.   To put it a little more bluntly, the plaintiff asks the court to supply a payor for an otherwise de-funct debt.   The court has searched in vain for statutory or judicial sanction for such a proposition.

To begin with, the plaintiff has no valid lien because his notice was served and his lien filed beyond the time prescribed by statute.   He commenced to furnish material and render services on March 1, 1942.   According to his testimony, it would have taken six weeks to complete the work under his contract, but he abandoned the job before its full completion, leaving about three days' work yet to be done.   Although his records do not disclose the exact date of work stoppage, it may be computed that his last work was done about April 15, 1942, and his lien should, therefore, have been filed within sixty days thereafter, but this he did not do.   Instead, he re-turned to the job about a year later, completed the three days

work, served the notice of lien on April 7, 1943, and filed the lien on May 27, 1943. This he did for the sole purpose of reviving his expired lien rights because it had become apparent that he would be unable to effect collection from his debtors. It is, however, a fact beyond dispute, that his work was substantially completed about the 15th of April, 1942.

The court can find no legal authority for computing lien rights as claimed in this action. If, after the work is substantially done, the claimant for the material furnished or services rendered shall unreasonably delay the completion of the work, the date of beginning of the sixty-day period will be taken as the date when the work was substantially done. No trivial or inconsequential service or work done after the substantial completion of the required work will extend the time for claiming the lien, or revive an expired lien when an unreasonable period has elapsed since the substantial completion. *Flint vs. Raymond,* 41 Conn. 510; *Martin Tire & Rubber Co. vs. Kelly Tire & Rubber Co.,* 99 id. 396.

Especially is this true when completion was admittedly abandoned and then resumed a year later for the sole purpose of reviving non existing lien rights. The time to have filed the lien expired about June 15, 1942, sixty days from the date of performance of the last work. *Milliken Bros., Inc. vs City of New York,* 201 N.Y. 65, 94 N.E. 196. The resumption of the work cannot be tacked on to the original work for the purpose of extending expired time or reviving lost rights. Note, 15 L.R.A. (n.s.) 299. The abandonment of the work by the plaintiff amounted to a completion and the lien should have been filed within sixty days from the date of abandonment. *Lamoreaux vs. Andersch,* 128 Minn. 261, 150 N.W. 908. The actual cessation of work in April, 1942, amounted to an abandonment and the date for filing his lien began on the day of cessation. *Anno.,* 64 A.L.R. 276, 283; 36 *Am. Jur., Mechanic's Liens,* §144, p. 99.

This reason alone is sufficient to defeat the plaintiff's right to recover. There is, however, another and equally important one. The plaintiff's contract was with a lessee of the defendants. It is claimed, however, that sections 5105 and 5107 of the General Statutes, Revision of 1930, afford the plaintiff lien rights because the work was done with the consent of the owners (defendants). The consent referred to in the statute means consent of an owner for whom, or for whose benefit,

the work is being done, and not one who has no interest in, or is not a party to, the work undertaken by a lessee on a part of his property which he has temporarily alienated by lease. It refers to an owner who is so closely identified with the work being done that he could be held liable under an implied contract, in the absence of an express contract. *Peck vs. Brush*, 90 Conn. 651. Mere knowledge on the part of a lessor that improvements are contemplated or being made by his lessee does not constitute such consent as will support the right to file a mechanics lien against his interest. *Beck vs. Catholic University*, 172 N.Y. 387, 65 N.E. 204. Because a landlord knows of, and consents to, repairs being made, on leased premises owned by him, under a contract with his lessee, he does not thereby forfeit any rights as lessor and owner of the leased premises, nor does he thereby consent to a pledge of his property for a default of the lessee, if he was not a party to the contract. *Williams vs. Vanderbilt*, 145 Ill. 238, 34 N.E. 476; *English vs. Olympic Auditorium, Inc.*, 217 Cal. 631, 20 P. (2d.) 946.

The contract of the plaintiff was with the owner of a leasehold interest. The owner contemplated by the statute is the owner of whatever estate the contracting parties have. In this case, the owner meant by the statute is the lessee and the lienable estate is the leasehold. A lien may attach to an estate in fee simple or to an estate for years. But if it is entered against an estate less than a fee its rights are only coextensive with the estate possessed by the contracting party and its value only that of the particular estate and survives or perishes with it. *Campbell & Pharo's Appeal*, 36 Pa. 247; 36 *Am. Jur., Mechanic's Liens*, §27, pp. 34, 35.

Subject to the conditions of the lease, a leasehold estate is subject to a mechanic's lien for an improvement erected by, or under contract with, the lessee. The lien attaches to the interest of the lessee in the leasehold. *Williams vs. Vanderbilt, supra; Crutcher vs. Block,* 19 Okla. 246, 91 Pac. 895; *American Bonding Co. vs. Pueblo Inv. Co.*, 150 Fed. 17.

It is clear, therefore, that if the plaintiff had any lien rights at all they were against the leasehold of his contracting party, and not against the property of which the leased premises are a part. Having failed to enforce his rights against the property of the lessee (*i.e.*, the leasehold), he cannot now create a new

and never existing right, to which to attach one that is beyond resuscitation.

The issues are found and judgment may be entered for the defendants to recover their costs.