This is an action to foreclose a mechanic's lien. While the defendants are five in number, the sole controversy is between the plaintiff and the defendant Katherina Covino, who hereinafter will be referred to as the defendant.
The defendant is the owner of certain real estate described in paragraph 3 of the plaintiff's complaint. It is located in the town of Westport and comprises land and a building thereon. The first floor of the building is designed for use as a restaurant, which is called the "Cross-Roads." On December 21, 1949, the defendant agreed in writing (exhibit C) with one Charles Levine to lease the restaurant premises to him for the term of five years, with option of renewal.
The agreement contains two provisions which merit quotation: "The lease shall be in form and contents satisfactory to the Lessee and shall be further conditioned upon the granting of a restaurant permit by the Liquor Control Commission of the State of Connecticut, and all other necessary permits, to permit the operation of a restaurant and night club at this location. The said lease shall commence on the first day of the month next following the granting of the said Liquor Control Commission *Page 57 
permit and all other necessary permits. In the event of the failure to grant such liquor permit, this agreement shall be null and void, and the said deposit of Five Hundred ($500.00) Dollars shall be returned to Charles Levine."
Between February 25, 1950, and March 27, 1950, the plaintiff furnished materials having a value of more than $1000. These materials were delivered upon the restaurant premises and used in connection with renovating the basement so that it could be used as an adjunct of the night club referred to in exhibit C. The general contractor for the undertaking was the Reliance Construction Company and the status of the plaintiff was that of materialman. It is clear on the evidence that neither of these parties had an express contract with the defendant for rendition of services or the furnishing of materials. Such contract was with Charles Levine, the defendant's prospective lessee.
In this action the plaintiff is seeking to foreclose upon the mechanic's lien filed by it against the real estate. The defendant vigorously opposes the entering of a plaintiff's judgment. Her position is that on the evidence the plaintiff has not satisfied the requirements contained in the statute. See General Statutes § 7217 (as amended, Cum. Sup. 1953, § 2240c). As applied to this case the relevant provisions of the statute read: "If any person shall have a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances, and such claim shall be by virtue of an agreement with or consent of the owner of the land ... or of some person having authority from or rightfully acting for such owner in procuring such labor or materials, such building, with the land on which it stands, shall be subject to the payment of such claim." *Page 58 
As already stated, neither the plaintiff nor the Reliance Construction Company had entered into an express agreement with the defendant relating to the project of renovating the basement of her building. It was with Levine, the defendant's prospective lessee, with whom such negotiations were made. However, the defendant knew of the project and had looked over and approved of the architect's sketch relating thereto. The project as such was in keeping with the kind of business for which the first floor of the building was designed, excepting that it perhaps added a modern touch to that kind of business. For all that appears, the improvements to the basement were of the category of fixtures pertaining to the realty.
The word "consent" as employed in the statute has been defined with particularity in Huntley v.Holt, 58 Conn. 445, 449. Reference may be had to later cases, such as Lyon v. Champion, 62 Conn. 75,77; Peck v. Brush, 90 Conn. 651, 654; Avery v.Smith, 96 Conn. 223, 227. In Peck v. Brush, supra, it is stated: "[I]t is not necessary that the materials shall be furnished under an express contract, but it is enough if they are furnished with the consent of the owner of the land, so that there is an implied contract by him to pay for them."
It is a truism in the law that facts alter cases. The defendant's brief has been written by a brilliant scholar. The argument of exoneration therein made is vigorous. But certain factors must be accorded their proper place in the picture as a whole. The defendant had given Levine the green light to go ahead with the project. Yet in her agreement of lease with him (exhibit C) it was expressly recognized that a permit might not be obtained by Levine from the liquor control commission to operate a combined restaurant and night club. In the event of such contingency, it was provided therein that the *Page 59 
agreement for lease "shall be null and void." The hard fact of the matter is that Levine never did obtain such permit, and never did acquire the status of a lessee under the defendant. Furthermore, the renovating of the basement bore a relation to the first floor use of the premises. That Levine never obtained a permit from the liquor control commission was not fatal to the use of the premises as designed. The defendant herself had a liquor permit for restaurant purposes.
The conclusion necessarily reached is that the defendant had sufficiently consented to the furnishing of the materials in question by the plaintiff. To hold otherwise would seem to defeat the ends of justice. The facts of a given case must control. See Foskett Bishop Co. v. Swayne, 70 Conn. 74, 75, on the subject here presented.
 As between the plaintiff and the defendant Katherina Covino, the issues are found for the plaintiff. The remaining question relates to the ascertainment of debt, and the setting of law days. It is suggested that counsel ask for a supplemental hearing on the remaining question during the first week of June, 1952.