James W. Bailey, J.
Defendant, Bedford Lake Park Corp., makes application to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.
The action is maintained to foreclose a mechanic’s lien for building materials delivered to the premises owned by the *200 moving defendant but occupied by contract vendees who had been allowed to take possession before they acquired title. The improvements for which the lien was imposed were commenced by the vendees before they acquired title.
Section 3 of the Lien Law sanctions a lien against an owner of property when labor is performed or material is supplied for the improvement of his property at his request or with his consent. The improvements herein were not made by the owner but by the vendees in possession and did not inure to his benefit because he was under contract to sell the premises. Under such circumstances an affirmative act is required on his part before he may be subjected to a lien for the improvements. His mere acquiescence to the installation thereof is not sufficient. (Delany & Co. v. Duvoli, 278 N. Y. 328; Beck v. Catholic Univ., 172 N. Y. 387.)
The complaint fails to allege any affirmative act by the owner and the bare conelusory allegation that the vendees in possession acted as his agent is not sufficient to sustain the complaint. (Didier v. Macfadden Pub., 299 N. Y. 49; Bornhorst v. Lyon, 279 App. Div. 820; Farjeon v. Fulton Securities Co., 225 App. Div. 541.)
Application granted with leave to plaintiff to plead anew within 20 days if so advised.
Submit order.