WILBUR SMITH & ASSOCIATES, INC. *v.* F & J, INC.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 287

Argued January 18—decided March 11, 1977

*James F. Cirillo, Jr.,* for the appellant (plaintiff).

*Peter J. Carolan,* for the appellee (defendant).

ANTHONY J. ARMENTANO, J.  On August 6, 1974, the defendant, as owner, entered into an agreement to sell to John B. Wnukowski certain land consisting of eleven acres, more or less, situated on the west-

erly side of Zuella Drive in the town of Waterbury. The agreement provided that all necessary plans and applications for the approval of group dwellings by the city plan commission, building permits and other site plan approvals were to be at the expense of the buyer. On August 27, 1974, the plaintiff entered into an agreement with John B. Wnukowski, individually, for field and design work to be performed on the land of the defendant which was the subject of the agreement to sell. The plaintiff was aware that the agreement to sell was conditioned on the buyer being able to obtain a building permit as well as the approval of the various town commissions for the erection of multi-family dwellings. The plaintiff prepared subdivision plans and topographic surveys of the land in performance of its contract. The plaintiff filed and perfected its mechanic's lien on the land owned by the defendant.

John Zuella, the president of the defendant corporation, observed the plaintiff's engineering crews on its land on at least one occasion and had actual notice of the services rendered on behalf of John B. Wnukowski.

The plaintiff appealed from the granting of the application to discharge the mechanic's lien assigning numerous claims of error. Those which have not been briefed are considered abandoned. *Gebrian* v. *Bristol Redevelopment Agency,* 171 Conn. 565, 570. The issues briefed by the plaintiff are as follows: (1) whether the defendant consented to the plaintiff's services upon its land within the purview of the Connecticut mechanic's lien statute; (2) whether an agency relationship, either express or implied, existed between the defendant and John B. Wnukowski so as to bind the defendant on the contract entered into with the plaintiff; and (3) whether the defendant was unduly enriched by the services rendered by the plaintiff.

I

The mechanic's lien law is a creature of statute. *Swift & Upson Lumber Co.* v. *Hatch Co.*, 115 Conn. 494, 498; *Purcell, Inc.* v. *Libbey,* 111 Conn. 132, 136. General Statutes § 49-33 provides, in pertinent part, that "[i]f any person has a claim for more than ten dollars for . . . services rendered . . . in the improvement of any lot or in the site development or subdivision of any plot of land, and such claim is by virtue of an agreement with or by consent of the owner . . . or of some person having authority from or rightfully acting for such owner . . . then such plot of land, shall be subject to the payment of such claim."

The consent referred to in the statute means consent of an owner for whom or for whose benefit the work is being done. It refers to an owner who is so closely identified with the work being done that he could be held liable under an implied contract in the absence of an express contract. *Battistelli* v. *Jacobson,* 13 Conn. Sup. 196, 198–99. Consent means the unity of opinion, an accord of minds or any thinking alike. *Huntley* v. *Holt,* 58 Conn. 445, 449. In this matter, between the plaintiff and the defendant there was no contract, express or implied, which would support the obligation necessary for a valid mechanic's lien. The defendant did not guarantee payment for the services and it did not use the services.

Mere knowledge on the part of the defendant that engineering work was being performed on its land does not constitute the consent necessary to support the right to file a mechanic's lien against the defendant's land. *Avery* v. *Smith,* 96 Conn. 223, 227; *Lyon* v. *Champion,* 62 Conn. 75, 77; *Huntley* v. *Holt,* supra, 449; *Battistelli* v. *Jacobson,* supra, 199; *Beck* v. *Catholic University,* 172 N.Y. 387, 391.

The fact that the defendant made no objection to the engineering services being performed on its land when it had an ample opportunity to do so does not obligate it or charge its land with payment of the debt. *Flannery* v. *Rohrmayer,* 46 Conn. 558, 560.

In *Torno & Donaher, Inc.* v. *Covino,* 19 Conn. Sup. 55, the court held a mechanic's lien valid when it found that the owner of a restaurant consented to the furnishing of materials or services by a contractor who had an express agreement with a prospective lessee of the restaurant for the renovation of the basement of the premises. In the *Covino* matter, the owner not only knew of the negotiations between the contractor and the prospective lessee but also looked over and approved the architect's sketch relating thereto. Materials having a value of more than $1000 were furnished and those materials were used in the renovation of the basement. The court in *Covino* stated (p. 58) that "[f]or all that appears, the improvements to the basement were of the category of fixtures pertaining to the realty." In the present matter, the result of the engineering services performed by the plaintiff was never utilized by the defendant to obtain site approval or building permits or for any other purpose.

This court agrees with the conclusions of the trial court that the defendant did not consent, within the meaning of § 49-33 of the General Statutes, to the contract for engineering services for which the lien is claimed and did not consent to the plaintiff's services rendered by virtue of that contract.

## II

An agency relationship exists only if there has been a manifestation by the principal to the agent that the agent may act on his account and if there has been consent by the agent so to act. Restate-

ment (Second), Agency § 1. "The principal must intend that the agent shall act for him, the agent must intend to accept the authority and act on it, and the intention of the parties must find expression either in words or conduct between them." 3 Am. Jur. 2d, Agency, § 17. The burden of proving agency is on the plaintiff. In this case, the trial court found that the plaintiff failed to sustain its burden of proof.

The court found that the defendant never authorized John B. Wnukowski to incur any obligation at its expense; that the agreement between the plaintiff and John B. Wnukowski was never approved or consented to by the defendant; and that John B. Wnukowski, individually, was never the agent of the defendant. The court concluded that no agency relationship existed. The court's conclusion is tested by the finding, not by the evidence, and this conclusion must stand unless it is legally or logically inconsistent with the facts or unless it involves the application of some erroneous rule of law material to the case. *Roby* v. *Connecticut General Life Ins. Co.*, 166 Conn. 395, 397; *Connecticut Bank & Trust Co.* v. *Bovey*, 162 Conn. 201, 205–206. The conclusion and findings of the trial court are amply supported by the evidence. The court did not err in concluding that no agency relationship, express or implied, real or apparent, existed.

### III

"[I]n order to recover on the basis of unjust enrichment, it is necessary for a plaintiff to demonstrate two aspects of the transaction. First, it must be shown that the defendant was benefited; that is, he has received something of value. And second, it must be shown that the benefit was unjust; that it was not paid for by the defendant, to the detriment of the plaintiff." *Providence Electric Co.* v. *Sutton*

*Place, Inc.,* 161 Conn. 242, 246. In this case, the defendant did not receive, use or benefit from the fruits of the plaintiff's services to obtain subdivision or site approval, building permits or anything else. The defendant did not receive anything of value from the plaintiff. To say that the plaintiff's field and design work, subdivision plans, topographical surveys or other work may be of value and benefit to the defendant in the future is pure speculation.

## IV

We perceive no ground on which the plaintiff's claim for a mechanic's lien can be supported.

There is no error.

In this opinion PARSKEY and D. SHEA, Js., concurred.