[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR DISCHARGE OR REDUCTION OF MECHANICS LIEN DATED JUNE 18, 1990
I.
Norman Weid and John R. Weid bring this application for discharge of a mechanics lien filed June 18, 1990 on their Naugatuck, Connecticut land by Kilmartin-Regan Associates, Inc. The lien is in the face amount of $50,350.00 and "is for services rendered and materials furnished in the development of lots and/or the site development or subdivision of said plot of land. . . ." Mechanics Lien, Plaintiff's Exhibit C.
During the July 1, 1991 evidentiary hearing on this application, it was revealed that the Weids February 9, 1989 entered into a real estate contract with Ploski Associates, Inc. for the sale and purchase of the Weid-owned land. Plaintiff's Exhibit A. The contract in part provided that Ploski Associates, Inc., as the buyer, agreed "to pay all costs for engineering, surveys, road construction and all other necessary expenses to prepare said property for submission for zone change applications CT Page 7483 and subdivision approval." Plaintiff's Exhibit A, paragraph 17. Further, the Ploski corporation agreed in the written contract to pay for the cost of site preparation and for the "architectural rendering or any other items required to obtain subdivision approval." Id. Additionally, in the sale and purchase agreement, it was provided that in addition to the purchase price of $1,000,000.00, Ploski Associates, Inc. would purchase additional land and build a home on it at a cost not to exceed $500,000.00 for Norman Weid. Finally, for the purposes of this application, the Weids and Ploski Associates, Inc. executed an "addendum" to the written purchase and sale agreement wherein it was provided first, that Ploski would construct two homes at builder's costs offsite on Osborne Road and that the Weids would have an option to purchase units being built on the land, the subject matter of the sale and purchase agreement. Id., "Addendum".
 II.
From the credible evidence, the court finds that after the execution of the real estate contract between the Weids and Polski Associates, Inc., Ploski retained Kilmartin-Regan Associates, Inc., the defendant here, to do engineering and site development work on the Naugatuck land which Ploski was purchasing from the Weids. The Weids did not participate in the decision to retain Kilmartin-Regan; never authorized the performance of their services and never guaranteed that the Ploski-corporation's debt to Kilmartin-Regan for services rendered would be paid by Weids. Kilmartin-Regan, on the other hand, dealt exclusively with representatives of the Ploski corporation; never billed the Weids for any engineering or site development work; and the Weids first became aware of Kilmartin-Regan's looking to them for payment when this mechanic's lien was filed on the Naugatuck, Connecticut land records. In these circumstances, we don't think there is any probable cause to sustain the validity of this lien. Section49-35(b)(a); Wilbur Smith Associates, Inc. v. F J Inc.,34 Conn. Sup. 638 (Appellate Session of Superior Court, 1977).
Kilmartin-Regan Associates, Inc. does argue that the contract between Weids and Polski Associates, Inc. contemplated benefits for the Weids beyond the mere sale of their land and thus the Weids are exposed to liability for the payment for services rendered by Kilmartin-Regan Associates, Inc. We read the contract to be an agreement exclusively between the Weids and Polski Associates, Inc. for the sale and purchase of land. We do not find anything in the contract obligating the Weids to pay Kilmartin-Regan. If anything, the tone of the agreement as well as its varied provisions exclude any liability in the Weids for the services rendered by Kilmartin-Regan. Finally, the credible evidence presented to us, does not indicate that there has existed a lienable fund upon which this mechanics lien might attach. CT Page 7484 Seaman v. Climate Control Corp., 181 Conn. 592 (1980).
The application for discharge is granted.
So ordered.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court