[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes to the court on a motion to discharge a mechanic's lien. The facts are not in dispute. The plaintiff, Westport Development Assoc., LLC, (WDA) is the current owner of the property subject to the lien in question. It acquired it indirectly from NECO Properties, L.L.C., (NECO) who in turn acquired its interest as a result of a conveyance by warranty deed from Raymond Lois Ross (Ross) on December 18, 1996. Prior to the date of conveyance NECO arranged with the defendant, East Haven Builder's Supply, Inc. (EHBS) to deliver various framing and other construction materials to the property in question. Said materials/services were first delivered to the property in question on December 13, 1997, some five days before NECO acquired legal title to the subject premises. At the time the materials were first delivered EHBS had no agreement with either Ross or NECO concerning the nature, scope, extent of, or payment for the work performed nor was there any agreement between Ross and NECO for NECO to enter into such agreement with EHBS. On or about July 10, 1997 EHBS duly filed and recorded a mechanic's lien on said property to secure payment for labor and materials it had supplied commencing December 13, 1997. WDA has now moved to discharge that lien on the grounds that said lien is filed on after-acquired property and is therefore invalid. The defendant's response is that although NECO did not have legal title to the CT Page 101 property at the commencement of the furnishing of the materials/labor it, by virtue of the existence of a contract for sale between it and Ross executed prior to the delivery of the materials, had an equitable interest in the property sufficient to support a mechanic's lien and thus EHBS is protected. The court finds no authority to support the defendant's position.
A lien on after-acquired property is invalid. CenterbrookArchitects and Planners v. Laurel Nursing Services, Inc.,224 Conn. 580, 583-584 (1993); see also, New England Savings Bank v.Meadow Lakes Realty Co., 243 Conn. 601 (1998). There is no dispute that NECO acquired legal title to the property after the delivery of materials commenced. However because the period between the two events was so short and NECO had an equitable interest in said property by virtue of the contract of sale, it is claimed that they had a sufficient interest on which to support a mechanic's lien. NECO cites in support of this theory the case of Torno Danaher, Inc. v. Covino, et al.,19 Conn. Sup. 55 (1952) where a lienor had provided services for aprospective lessee, but without specific approval of the owner. The lease fell through due to a condition broken but the lien was nevertheless held to be valid because the owner had impliedly authorized the improvements upon the property. The improvements made pertained to a liquor license which was a lease contingency. The liquor license was never obtained and thus no lease interest was acquired by the lessee. The court held that because the improvements in question related to the kind of business the owner maintained in the rest of the building, the lien was valid.
The instant case is distinguishable from Covino in that here the owner on whose land the improvements were made, derived no benefit from such improvements as did the owner in Covino. Rather, it was NECO, the non-owner, who derived the benefits without any implied or expressed authorization to secure the delivery of the material/services from EHBS. Inasmuch as defendant has cited no other authority to support EHBS's position that the lien in question would be predicated on NACO's equitable title and the court is unaware of any, the court is obliged to grant the plaintiff's motion to discharge the mechanic's lien in question because there is no evidence that Ross, the owner at the time, either entered into a contract or otherwise authorized NACO to obtain the deliveries in question from EHBS.
Accordingly, plaintiff's motion to discharge the lien is hereby GRANTED. CT Page 102
MELVILLE, J.